COURT OF APPEALS
DECISION
DATED AND FILED

February 22, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP725-CR**

STATE OF WISCONSIN

Cir. Ct. No.  2020CF493

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

MATTHEW J. DECOLA,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Sauk County: MICHAEL P. SCRENOCK, Judge. *Reversed and cause remanded for further proceedings*.

Before Kloppenburg, P.J., Blanchard, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Matthew Decola appeals a judgment of conviction for operating a motor vehicle while intoxicated (5th offense) and a circuit court

order that denied, without a hearing, Decola's postconviction motion seeking plea withdrawal based on ineffective assistance of counsel. Specifically, Decola argues that his postconviction motion sufficiently alleged that counsel provided constitutionally ineffective assistance for failing to file a motion to suppress evidence obtained after police unlawfully entered his residence, requiring the circuit court to hold an evidentiary hearing. We agree that Decola's postconviction motion sufficiently alleged ineffective assistance of counsel to entitle him to a hearing. We therefore reverse and remand for an evidentiary hearing on Decola's postconviction motion.[1]

## *Background*

¶2 A police officer, while on patrol in his squad car, observed Decola commit a traffic violation. Decola then turned into his own driveway and parked in his garage.

¶3 The police officer followed Decola to his driveway, exited the squad car, and entered Decola's garage to seize Decola for the traffic violation. Based on evidence obtained following the seizure—including field sobriety tests performed in Decola's driveway and subsequent blood alcohol testing—the State charged Decola with multiple criminal offenses.

---

[1] In his appellate briefs, Decola asks that, if we conclude that his motion sufficiently alleged that counsel was constitutionally ineffective for failing to file a suppression motion, we should remand to the circuit court either to hold an evidentiary hearing on his ineffective assistance of counsel claim or, alternatively, to grant his motion to withdraw his plea. The State is silent on Decola's alternative relief request that we direct the circuit court to grant the plea withdrawal motion. However, under well-established case law, a circuit court must hold an evidentiary hearing to consider a postconviction motion based on ineffective assistance of counsel if the motion alleges facts that, if true, would entitle the defendant to relief. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. Accordingly, we do not further consider Decola's request for alternative relief.

¶4 Decola's trial counsel did not pursue a motion to suppress the evidence against him. The parties reached a plea agreement, and Decola entered a plea to operating a motor vehicle while intoxicated as a fifth offense and was sentenced.

¶5 Decola filed a postconviction motion for plea withdrawal, arguing that his trial counsel was ineffective for failing to move to suppress evidence based on Fourth Amendment violations.[2] Decola argued that police lacked the necessary probable cause and exigent circumstances to justify the warrantless entry to his garage and his seizure. He asserted that, had his counsel moved to suppress, all of the evidence following the illegal entry and seizure would have been suppressed. Counsel averred that Decola would testify at an evidentiary hearing that if Decola "[h]ad known that his constitutional rights were violated, and all evidence collected from the warrantless entry into his garage could be suppressed, he would not have entered the no contest plea."

¶6 The State opposed the motion. It conceded that the police entry into Decola's garage violated Decola's Fourth Amendment rights. However, it argued that all of the evidence police obtained outside the garage after police seized him and removed him from the garage—including the results of field sobriety and blood alcohol tests—was admissible. It cited **New York v. Harris**, 495 U.S. 14 (1990), and **State v. Felix**, 2012 WI 36, 339 Wis. 2d 670, 811 N.W.2d 775, as establishing an exception to the exclusionary rule for evidence obtained outside of

---

[2] It is undisputed that Decola's garage is part of his residence for Fourth Amendment purposes. *See* **State v. Cundy**, 2023 WI App 41, ¶19, 409 Wis. 2d 34, 995 N.W.2d 266 ("The Fourth Amendment's protection extends to the curtilage of one's home, the area 'immediately surrounding and associated with the home.'" (quoted source omitted)).

the defendant's residence after police unlawfully entered the residence, so long as police had probable cause to arrest the defendant before the illegal entry. The State argued that the exception to the exclusionary rule applied because police had probable cause to arrest Decola for the traffic violation under the authority of WIS. STAT. § 345.22 (2021-22).[3] Thus, the State argued, Decola's trial counsel was not ineffective for failing to pursue a meritless motion to suppress.

¶7 In reply, Decola disputed that the *Harris*/*Felix* exception to the exclusionary rule would allow admission of the evidence obtained outside of his garage. He conceded that police had authority to arrest him for the traffic violation under WIS. STAT. § 345.22. However, he argued that the *Harris*/*Felix* exception does not apply to entry into a residence to arrest for a non-criminal traffic violation such as the violation at issue here.

¶8 The circuit court determined that application of the *Harris*/*Felix* rule to an illegal entry into a residence to arrest for a non-criminal traffic violation is unsettled. The court concluded that Decola's trial counsel was not ineffective for failing to pursue an unsettled issue. *See* *State v. Jackson*, 2011 WI App 63, ¶10, 333 Wis. 2d 665, 799 N.W.2d 461 (stating that, when the law is unsettled, the failure to raise an issue may be objectively reasonable and therefore not deficient performance). The court therefore denied the postconviction motion without an evidentiary hearing. Decola appeals.

---

[3] WISCONSIN STAT. § 345.22 states, "A person may be arrested without a warrant for the violation of a traffic regulation if the traffic officer has reasonable grounds to believe that the person is violating or has violated a traffic regulation."

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

*Standard of Review*

¶9      A post-sentencing motion for plea withdrawal must establish that plea withdrawal is necessary to correct a manifest injustice. *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). "[T]he 'manifest injustice' test is met if the defendant was denied the effective assistance of counsel." *Id.* A defendant claiming ineffective assistance of counsel must show that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a defendant must point to specific acts or omissions by counsel that were "outside the wide range of professionally competent assistance." *Id.* at 690. To prove prejudice in the plea withdrawal context, the defendant must demonstrate that, absent counsel's errors, the defendant would not have pled guilty but would have exercised the defendant's constitutional right to a trial. *State v. Dillard*, 2014 WI 123, ¶¶85, 95-96, 358 Wis. 2d 543, 859 N.W.2d 44.

¶10      A defendant is entitled to an evidentiary hearing on a postconviction motion if "the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." *State v. Ruffin*, 2022 WI 34, ¶¶27, 35, 401 Wis. 2d 619, 974 N.W.2d 432. A motion does not entitle a defendant to relief if it contains "only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief." *Id.*, ¶28. Whether a motion suffices to entitle a defendant to relief is a question of law that this court reviews de novo. *State v. Sulla*, 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659; *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

*Discussion*

¶11　On appeal, as in the circuit court, the parties agree that the police officer: (1) had sufficient grounds to arrest Decola for a non-criminal traffic violation when the officer entered Decola's garage but had no basis at that point to arrest Decola for a crime; and (2) violated Decola's Fourth Amendment rights by entering his garage and seizing him. The parties also agree that, under *Harris*/*Felix*, assuming no other constitutional violations, when police obtain evidence outside a residence following an illegal entry into the residence, the evidence is admissible if police had probable cause to arrest the defendant for a crime prior to the entry. Thus, the sole dispute between the parties is whether the exception to the exclusionary rule recognized in *Harris*/*Felix* extends to entry into a residence to arrest a suspect for a non-criminal offense.[4] We conclude that it does not and that, therefore, Decola has sufficiently alleged facts that entitle him to a hearing on his ineffective assistance of counsel claim.

¶12　We begin by noting the following well-established legal principles regarding a defendant's Fourth Amendment rights against illegal seizures in the defendant's residence. "Both the Fourth Amendment to the United States Constitution and article I, section 11 of the Wisconsin Constitution protect '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *State v. Cundy*, 2023 WI App 41, ¶19, 409 Wis. 2d 34, 995 N.W.2d 266 (quoting U.S. CONST. amend. IV; WIS. CONST. art. I, § 11.4). "Our supreme court has recognized this protection as 'one

---

[4] The State makes no argument that, if the *Harris*/*Felix* exception does not apply, Decola is not for any other reason entitled to an evidentiary hearing on his ineffective assistance of trial counsel claim.

of the core constitutional guarantees found in the United States Constitution.'" ***Id.*** (quoted source omitted). "[W]hen it comes to the Fourth Amendment, the home is first among equals. At the Amendment's 'very core' stands 'the right of a person to retreat into the person's own home and there be free from unreasonable governmental intrusion.'" ***Id.*** (quoted sources omitted). Thus, the Fourth Amendment generally prohibits warrantless in-residence arrests.[5] ***Payton v. New York***, 445 U.S. 573 (1980).

¶13 As a remedy for a violation of the above constitutional principles, under the exclusionary rule "evidence obtained in violation of the Fourth Amendment is generally inadmissible in court proceedings." ***Cundy***, 409 Wis. 2d 34, ¶22. Evidence obtained following an unlawful search or seizure will be suppressed as the fruit of a Fourth Amendment violation, unless the evidence is sufficiently "attenuated" from the illegal police activity.[6] ***Brown v. Illinois***, 422 U.S. 590 (1975). Otherwise, "[w]e allow illegally obtained evidence to be introduced at trial only under narrow exceptions and specific circumstances …." ***State v. Garcia***, 2020 WI App 71, ¶8, 394 Wis. 2d 743, 951 N.W.2d 631.

¶14 With that background, we turn to the exception to the exclusionary rule recognized in ***Harris***. There, the United States Supreme Court held that, following a warrantless in-residence arrest in violation of ***Payton***, evidence

---

[5] There are exceptions to the warrant requirement, but none are at issue here. As noted, the State concedes that police violated Decola's Fourth Amendment rights by entering his garage and seizing him.

[6] The parties agree that the issue of whether the evidence obtained outside Decola's garage was sufficiently attenuated from the police illegality has not been litigated and is not at issue in this appeal. We do not address attenuation or other issues that have not been raised, and which may be addressed in the circuit court during further proceedings.

obtained from the defendant outside of the residence is admissible so long as police had probable cause for the arrest. *Harris*, 495 U.S. at 17-19. The Court explained that "the rule in *Payton* was designed to protect the physical integrity of the home; it was not intended to grant criminal suspects, like Harris, protection for statements made outside their premises where the police have probable cause to arrest the suspect for committing a crime." *Id.* at 17. The *Harris* court reasoned that "the police had a justification to question Harris prior to his arrest; therefore, his subsequent statement was not an exploitation of the illegal entry into Harris' home." *Id.* at 19.

¶15 Thus, under *Harris*, "where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of [the defendant's] home, even though the statement is taken after an arrest made in the home in violation of *Payton*." *Harris*, 495 U.S. at 21. The *Harris* court also clarified that the *Brown* "attenuation analysis is only appropriate where, as a threshold matter, courts determine that the challenged evidence is in some sense the product of illegal governmental activity." *Harris*, 495 U.S. at 19.

¶16 The Wisconsin Supreme Court adopted the *Harris* rule, for purposes of its interpretation of Article I, Section 11 of the Wisconsin Constitution, in *Felix*, 339 Wis. 2d 670. The court summarized the *Harris* rule as follows: "[W]here the Fourth Amendment violation is an unlawful arrest without a warrant, in violation of *Payton*, but with probable cause, evidence obtained from the defendant outside of the home is admissible because it is not 'the product of illegal governmental activity.'" *Felix*, 339 Wis. 2d 670, ¶1 (quoted source omitted). The court stated that, consistent with *Harris*: "We hold that, where police had probable cause to arrest before the unlawful entry, a warrantless arrest from

8

Felix's home in violation of ***Payton*** requires neither the suppression of statements … nor the suppression of physical evidence obtained from Felix outside of the home." ***Felix***, 339 Wis. 2d 670, ¶4.

¶17 Because "the ***Harris*** rule applies to evidence and statements obtained from a defendant outside of the home where police had probable cause to arrest the defendant, but arrested him in his home without a warrant," the court first addressed the "threshold" issue of whether police had probable cause for the arrest. ***Felix***, 339 Wis. 2d 670, ¶27. In addressing that issue, the court defined "probable cause to arrest" as "information which would lead a reasonable police officer to believe that the defendant probably committed a crime." ***Id.***, ¶28.

¶18 Decola argues that the ***Harris***/***Felix*** rule does not apply to allow admission of evidence obtained outside his residence following the illegal seizure in his garage because the ***Harris***/***Felix*** rule unambiguously requires probable cause to arrest for a *crime*. He contends that, while police had authority to arrest him for a non-criminal traffic violation under WIS. STAT. § 345.22, that does not meet the requirements for the ***Harris***/***Felix*** exception to the exclusionary rule. He contends that, had his counsel pursued a suppression motion, the evidence against him would have been suppressed and he would not have entered his plea. *See* ***Dillard***, 358 Wis. 2d 543, ¶¶85, 95-96 (to prove prejudice, the defendant must demonstrate there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different").

¶19 The State responds that the ***Harris***/***Felix*** exception to the exclusionary rule applies to allow admission of evidence obtained from Decola outside of his residence, because police had probable cause to arrest Decola for a non-criminal offense before they illegally entered his garage. According to the

9

State, the ***Harris***/***Felix*** rule turns on "whether a suspect was in lawful custody when evidence was gathered from [the suspect], not on a distinction between whether that custody arose from a civil or criminal offense." The State acknowledges that the exception to the exclusionary rule under ***Harris***/***Felix*** is phrased in terms of probable cause to arrest for a *crime*, but contends that is only because those cases happened to involve criminal offenses. It argues that nothing in ***Harris*** or ***Felix*** suggests that evidence obtained outside the residence is admissible if police illegally entered the residence with probable cause to arrest for a crime, but not admissible if police illegally entered the residence with probable cause to arrest for a non-criminal offense. The State argues that the rationale applied in ***Harris*** and ***Felix*** applies equally to allow admission of the evidence obtained outside Decola's residence.

¶20 The State also contends in the alternative that, even if the ***Harris***/***Felix*** rule does not apply to an illegal in-residence arrest for a non-criminal offense, the performance of defense counsel was not deficient because the issue is unsettled. *See **State v. Hanson***, 2019 WI 63, ¶28, 387 Wis. 2d 233, 928 N.W.2d 607 (Deficient performance is limited to circumstances in which "'the law or duty is clear such that reasonable counsel should know enough to raise the issue.'" (quoted source omitted)).

¶21 As we proceed to explain, we conclude that the unambiguous meaning of ***Harris*** and ***Felix*** is the following: the exception to the exclusionary rule following a ***Payton*** violation applies only when police have probable cause to arrest a suspect for committing a *crime*. Thus, because police had probable cause to arrest Decola for a non-criminal offense, Decola has sufficiently alleged that counsel was constitutionally ineffective for not moving to suppress evidence

obtained after police illegally entered Decola's garage and seized him for a non-criminal violation.

¶22    In *Felix*, 339 Wis. 2d 670, ¶39, our supreme court explained that "[t]he *Harris* rule appropriately balances the purposes of the exclusionary rule and the *Payton* rule with the social costs associated with suppressing evidence." The *Felix* court noted that "[t]he *Payton* rule was premised on the Fourth Amendment's protection of the 'sanctity of the home,'" while the primary purpose of the exclusionary rule is "to deter police misconduct." *Felix*, 339 Wis. 2d 670, ¶39 (quoted source omitted). Because "there are substantial social costs associated with excluding relevant evidence," the exclusionary rule "must bear some relation to the purposes which the law is to serve." *Id.*, ¶¶39-40. Thus, "[t]he *Harris* rule is based on the Supreme Court's conclusion that suppressing evidence and statements obtained from a defendant outside of the home following a *Payton* violation does not further the purpose of the *Payton* rule." *Felix*, 339 Wis. 2d 670, ¶40. More specifically, "'the rule in *Payton* was designed to protect the physical integrity of the home; it was not intended to grant *criminal* suspects, like Harris, protection for statements made outside their premises where the police have probable cause to arrest the suspect for committing a *crime*.'" *Felix*, 339 Wis. 2d 670, ¶40 (emphasis added and quoted source omitted).

¶23    The *Felix* court made clear that it adopted only "a limited, bright-line rule for a narrow category of evidence obtained after an unlawful arrest in violation of *Payton*, but where police had probable cause to arrest." *Felix*, 339 Wis. 2d 670, ¶43. As the *Felix* court explained: "*Harris* provides a narrow rule: where police had probable cause before the unlawful entry and arrest, an arrest in violation of *Payton* does not require the suppression of evidence obtained from the defendant outside of the home …." *Felix*, 339 Wis. 2d 670, ¶41. And, as the

11

*Felix* court explicitly stated, the "probable cause" required for the rule to apply is probable cause to arrest for a *crime*. *Id.*, ¶28. Because the narrow exception to the exclusionary rule recognized in *Harris* and *Felix* plainly applies only when police have probable cause to arrest a suspect for a *crime*, it does not extend to police entry into a residence to arrest a suspect for a non-criminal violation.[7]

## *Conclusion*

¶24    To reiterate, the issue before this court is whether Decola's postconviction motion sufficiently alleged ineffective assistance of counsel such that the circuit court was required to hold an evidentiary hearing on the motion. The parties agree that the only disputed issue on that point is whether the *Harris*/*Felix* exception to the exclusionary rule applies to the warrantless entry into Decola's garage to arrest him for a non-criminal offense. For the reasons set forth above, we conclude that the *Harris*/*Felix* exception unambiguously applies only to arrests for criminal offenses. Thus, well-established Fourth Amendment principles would have defeated the only argument that the State makes in opposition to a motion to suppress all evidence obtained following the illegal seizure of Decola in his garage. *See Garcia*, 394 Wis. 2d 743, ¶8 (illegally obtained evidence is admissible "only under narrow exceptions and specific circumstances"). It follows that Decola has sufficiently alleged that counsel was deficient for not pursuing such a motion.

---

[7] Contrary to the State's argument, the rationale underlying the *Harris*/*Felix* exception to the exclusionary rule does not apply equally to illegal police entry into a residence to arrest a suspect for a *non-criminal* violation. For example, as to the balancing of interests recognized in *Felix*, the social costs associated with suppressing evidence of non-criminal offenses would not outweigh the need for deterrence of police misconduct in illegally entering a suspect's residence to take the suspect into custody for a non-criminal offense.

¶25    As to prejudice, the State does not respond to Decola's argument that he sufficiently alleged prejudice based on counsel's averment that Decola would have testified at an evidentiary hearing that Decola would not have pleaded no contest to the OWI offense had he known that a viable motion could be filed, resulting in the suppression of the OWI-related evidence. Thus, we take the State to concede that Decola has sufficiently alleged prejudice from the alleged deficient performance.

¶26    Accordingly, we reverse and remand for an evidentiary hearing.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.