**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 21, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP1048**

Cir. Ct. No. **2011CF963**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

PHILLIP A. BYRD,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Rock County: MICHAEL A. HAAKENSON, Judge. *Affirmed.*

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Phillip Byrd appeals an order denying his postconviction motion that was filed under WIS. STAT. § 974.06 (2021-22).[1] The issue is whether the motion was properly denied without an evidentiary hearing. We conclude that it was, and therefore we affirm.

¶2     In 2015, Byrd pled to and was convicted of one count of intentional failure to pay child support. He did not pursue postconviction relief under WIS. STAT. RULE 809.30, but filed a motion under WIS. STAT. § 974.06 in 2021. The circuit court denied the motion in 2022, and Byrd appeals.

¶3     A circuit court is required to hold an evidentiary hearing on a defendant's postconviction motion when the facts alleged in the motion, if true, would entitle the defendant to relief, and when the record does not conclusively demonstrate that the defendant is not entitled to relief. *State v. Jackson*, 2023 WI 3, ¶11, 405 Wis. 2d 458, 983 N.W.2d 608. Both parts of this test raise issues of law that we review de novo.[2] *Id.*, ¶8.

---

[1]  All references to the Wisconsin Statutes are to the 2021-22 version.

[2] The State asserts that the circuit court decision under review in this appeal was discretionary. However, discretion plays a role only when a circuit court decides whether it will hold a hearing *despite the defendant's failure to meet the legal test described above*. *See State v. Ruffin*, 2022 WI 34, ¶28, 401 Wis. 2d 619, 974 N.W.2d 432. Here, the court ultimately decided not to hold a hearing. The appropriate analysis, therefore, is whether the court was *required* to hold a hearing, which, as we state, raises only questions of law, not discretion. If we decide that the court was required to hold a hearing, then no issues of discretion are present to be considered. Only if the court was not required to hold a hearing might we also consider whether it was an erroneous exercise of discretion to deny a hearing when one was not legally required. However, it is difficult to imagine a situation in which such a denial would be an erroneous exercise of discretion, and therefore the issue is rarely argued this way by parties, and courts rarely apply this latter part of the analysis. Instead, the main focus is on the court's initial legal decision that no hearing was required, and this is the argument made here by Byrd. In sum, the State is correct that discretion is involved in the final step of the analysis, if the analysis proceeds that far, but this is rarely the step that matters on appeal.

¶4      Byrd discusses several issues on appeal.  He first argues that certain aspects about the procedure used by the circuit court to decide his postconviction motion were improper.  However, because our review of the issues raised in Byrd's motion is independent from the circuit court decision, errors of this type would not affect our review on appeal, and we do not discuss them further.

¶5      Byrd appears to argue that the plea colloquy was defective because the circuit court failed to discuss the intent element of the charge.  However, for this defect to entitle Byrd to an evidentiary hearing, he must also allege that he did not understand the intent element at the time of his plea.  *See* ***State v. Howell***, 2007 WI 75, ¶27, 301 Wis. 2d 350, 734 N.W.2d 48.  Byrd's postconviction motion does not contain this allegation, and therefore he was not entitled to a hearing.

¶6      Byrd argues that he should be allowed to withdraw his plea because he had a defense available.  He appears to argue this issue as both a claim that his plea was not knowing, voluntary, and intelligent, and also as a claim for ineffective assistance of counsel based on an allegation that his trial counsel did not investigate this defense.  Byrd argues that the available defense was his inability to pay support due to his difficulty finding work during the charged period.  *See* WIS. STAT. § 948.22(6) (affirmative defense of inability to pay).  However, under either framing, the argument fails because Byrd did not allege that further investigation of this defense would have led him to reject the plea offer and go to trial.  Such an allegation is necessary to obtain an evidentiary hearing.  *See* ***State v. Bentley***, 201 Wis. 2d 303, 313, 548 N.W.2d 50 (1996).

¶7      Byrd next argues that his trial counsel was ineffective by failing to move for a determination of whether Byrd was competent to proceed.  This

argument fails because Byrd did not allege facts from which it could reasonably be inferred that he was not competent at that time.

¶8    Byrd may also be arguing that he should be allowed to withdraw his plea because he mistakenly believed that his conviction on this charge would have the effect of expunging or ending his child support obligations.  However, Byrd does not provide any reasonable explanation of why he would have held that belief, and he also appears to be denying that he personally remembers actually having that belief.  Instead, he suggests that the content of the judgment of conviction shows that he held that belief.  The judgment stated that restitution was "[t]o be determined; to be paid after release from custody."  We do not agree that this statement supports that interpretation.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.