# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1046-CR |

| | |
|---|---|
| COMPLETE TITLE: | State of Wisconsin, |
| | Plaintiff-Respondent-Petitioner, |
| | v. |
| | Theophilous Ruffin, |
| | Defendant-Appellant. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 397 Wis. 2d 242, 959 N.W.2d 77
(2021 – unpublished)

| | |
|---|---|
| OPINION FILED: | May 26, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | April 5, 2022 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | M. Joseph Donald |

JUSTICES:

ANN WALSH BRADLEY, J., delivered the majority opinion for a unanimous Court.

NOT PARTICIPATING:

ATTORNEYS:

For the plaintiff-respondent-petitioner there were briefs filed by *Jennifer L. Vandermeuse*, assistant attorney general, with whom on the briefs was *Joshua L. Kaul*, attorney general. There was an oral argument by *Jennifer L. Vandermeuse*.

For the defendant-appellant there was a brief filed by *Nicole M. Masnica* and *Gimbel, Reilly, Guerin, & Brown LLP.* There was an oral argument by *Nicole M. Masnica*.

**2022 WI 34**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.    2019AP1046-CR
(L.C. No.   2015CF5306)

| STATE OF WISCONSIN | : | IN SUPREME COURT |

**State of Wisconsin,**

     **Plaintiff-Respondent-Petitioner,**

  **v.**

**Theophilous Ruffin,**

     **Defendant-Appellant.**

**FILED**

**MAY 26, 2022**

Sheila T. Reiff
Clerk of Supreme Court

---

ANN WALSH BRADLEY, J., delivered the majority opinion for a unanimous Court.

---

REVIEW of a decision of the Court of Appeals. *Reversed.*

¶1  ANN WALSH BRADLEY, J.   The petitioner, the State of Wisconsin, seeks review of a decision of the court of appeals that reversed the circuit court in part and remanded for an evidentiary hearing.[1]   Specifically, the court of appeals

---

[1] State v. Ruffin, No. 2019AP1046-CR, unpublished slip op. (Wis. Ct. App. Mar. 9, 2021) (affirming in part, reversing in part, and remanding the order of the circuit court for Milwaukee County, M. Joseph Donald, Judge).

determined that Theophilous Ruffin alleged sufficient facts so as to entitle him to an evidentiary hearing on his claim that his trial counsel was ineffective for withdrawing a request for a self-defense instruction.

¶2 The State contends that the court of appeals failed to apply the correct legal framework and that Ruffin is not entitled to an evidentiary hearing because the record conclusively demonstrates that he is not entitled to relief. Ruffin, on the other hand, argues that the court of appeals applied the proper framework, and that he is entitled to a Machner[2] hearing on his ineffective assistance claim.

¶3 We determine that the court of appeals applied an incorrect legal framework. In reaching our determination we emphasize that even if the motion alleges sufficient facts, an evidentiary hearing is not mandatory if the motion presents only conclusory allegations or if the record as a whole conclusively demonstrates that the defendant is not entitled to relief.

¶4 We conclude that the record here conclusively demonstrates that Ruffin is not entitled to relief on his claim that trial counsel was ineffective for withdrawing a request for a self-defense instruction. As a result, the circuit court did not erroneously exercise its discretion by denying Ruffin's motion without an evidentiary hearing.

---

[2] State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

¶5    Accordingly, we reverse the decision of the court of appeals.

I

¶6    Ruffin was charged with one count of second degree sexual assault[3] and one count of mayhem,[4] both as acts of domestic abuse.[5]   The charges stemmed from a physical altercation between Ruffin and his partner, A.B.[6]   At the time of the altercation, A.B. and Ruffin were in a relationship and lived together, along with several children that each partner had from previous relationships and their six-month-old son.   A.B. was pregnant with the couple's second child.

¶7    According to A.B.'s testimony at trial, she and Ruffin had a "couple of beers" earlier in the day, and A.B. also consumed a "couple lines of cocaine."   Ruffin went to bed around 10:00 or 11:00 p.m., and A.B. stayed up later, going to bed around 3:00 a.m.   A.B. awoke to Ruffin kicking her and telling her that the baby was crying.

¶8    Ruffin and A.B. began to argue, and A.B. got up to prepare a bottle for the baby.   They continued to exchange

---

[3] See Wis. Stat. § 940.225(2)(b) (2015-16).

All subsequent references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

[4] See Wis. Stat. § 940.21.

[5] See Wis. Stat. § 968.075(1)(a).

[6] To protect the dignity and privacy of the victim, we use initials that do not correspond to her real name.

words, which eventually escalated to a physical altercation. A.B. testified that Ruffin pulled her by her hair, hit her, and punched the back of her head. She recounted that she hit Ruffin with an open hand, and he responded by again hitting her.

¶9 A.B. testified next that she told Ruffin that she was going to leave, and Ruffin responded by telling her that he was not going to let her leave. When A.B. tried to get past Ruffin, she testified that he picked her up by her hair and inner thigh and threw her on the bed. She landed on her back with Ruffin kneeling over her.

¶10 Ruffin put his left arm across her face, pinning her on the bed. A.B. testified that with his right hand, Ruffin "just shoves right into my vagina, rips and pulls out." Ruffin did this at least three times. A.B. felt "all this pressure" and instantly felt wet. She thought that Ruffin was trying to kill her unborn child.

¶11 A.B. ran downstairs and discovered blood dripping down her legs. She also noticed a piece of vaginal tissue "just hanging" from her body. A.B. required surgery to repair and reattach two to two-and-a-half inches of separated vaginal tissue.

¶12 The treating doctor testified that "[r]oughly half of the right labia minora ha[d] been torn off" and that she "had never seen anything quite like it." Further, the doctor testified that A.B. told her that "she fell down the stairs, and it caught on her underwear and tore it off." This explanation was suspect, in the doctor's estimation, because she "couldn't

4

imagine any way underwear could tear [it] off" because the tissue that makes up the labia is "not easily torn." Due to the nature of the tissue and the extent of the injury, the doctor thus did not believe A.B.'s initial explanation that she fell down the stairs and instead suspected intimate partner violence.

¶13 Ruffin also testified at trial, and offered a different version of events. According to Ruffin, when he nudged A.B. with his foot to wake her up, she was upset and angry, "cussing" at him. He noticed that three of his beers and his cocaine were missing, and he "threatened to call the social workers" to report A.B.'s drug and alcohol use. Ruffin then testified that A.B. "started to come towards me hitting me, punching me, try to push me down the stairs."

¶14 According to Ruffin, as A.B. hit him, he tried to push her onto the bed. As he pushed her, she tripped and grabbed Ruffin's collar, and both fell on the bed. In an effort to avoid falling on A.B.'s pregnant belly, Ruffin testified that he held himself up with his hand. In Ruffin's telling, A.B. then put her legs around Ruffin's waist.

¶15 Ruffin indicated that he tried to free himself from A.B.'s grasp. He used his left hand to try to push her legs off of him. When asked on cross-examination how A.B.'s labia was injured, Ruffin acknowledged that he "was pushing in that area" but later stated that he "didn't never think [he] was pushing her labia. . . . All I was trying to do was just push her legs off of me so I can go." He further testified that he wasn't

trying to use force and was "gently" trying to remove A.B.'s legs from around him so he could leave.

¶16 Ruffin acknowledged the size disparity between him and A.B. He stated that he was a "big man," six feet, four inches tall, who weighed 300 pounds at the time of the altercation and that A.B. was "small" and five months pregnant.

¶17 After the close of evidence, Ruffin's counsel asked the circuit court to give the jury instruction on self-defense and defense of others.[7] Counsel explained that Ruffin testified that "he didn't know what she was going to do to him and that he was trying to get away and he was also trying to prevent himself from falling on the unborn child so the actions he undertook were designed to protect himself, the unborn child, quite frankly [A.B.]." However, soon after making this request, Ruffin's counsel withdrew it. He reasoned: "After reading through it I don't think it can be worded the way I think it needs to be worded. Therefore, I'm going to withdraw the request. I'm not sure it really fits this situation."

¶18 In its stead, Ruffin's counsel asked the circuit court to give the jury the instruction on an accident defense.[8] Ultimately, the circuit court read the accident instruction with respect to the mayhem charge, but not the sexual assault charge. The jury convicted Ruffin of second-degree sexual assault

_____

[7] For the elements of self-defense, see infra, ¶32.

[8] "Accident is a defense that negatives intent, and may negative lesser mental elements." State v. Watkins, 2002 WI 101, ¶41, 255 Wis. 2d 265, 647 N.W.2d 244.

6

(sexual intercourse[9] without consent causing injury), and acquitted him of mayhem.

¶19 After some additional proceedings not relevant to the issue before us,[10] Ruffin filed a postconviction motion. In his motion, he asserted three claims: (1) that the circuit court's error in giving a wrong jury instruction on the sexual assault count was not harmless, (2) that the circuit court erred by not giving the jury the accident instruction for the sexual assault count, and (3) that his counsel was ineffective for withdrawing the request for a self-defense instruction.

¶20 The circuit court denied Ruffin's motion without a hearing, rejecting each of Ruffin's claims. With regard to the claim of ineffective assistance of counsel for withdrawing the request for a self-defense instruction, the circuit court determined that withdrawing the request did not constitute ineffective assistance "based on the facts of this case." It further stated that "even if a self-defense instruction had been given, there is not a reasonable probability the jury would have

---

[9] Wisconsin Stat. § 940.225(5)(c) defines "sexual intercourse" as including an "intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening . . . by the defendant."

[10] After conviction and prior to sentencing, it came to light that the circuit court had given the incorrect jury instruction on the sexual assault charge. Namely, the instruction given was for sexual assault with use of force (Wis JI——Criminal 1208) rather than the charged offense, sexual assault causing injury (Wis JI——Criminal 1209). After briefing from the parties on how to address the error, the circuit court determined that giving the wrong jury instruction was harmless error, and the case proceeded to sentencing.

bought it based on the amount of force that was used." The circuit court further commented on the extent of A.B.'s injuries: "Almost entirely ripping off the woman's labia——she testified it was just hanging there——that required 28 stitches to reattach it? When she was laying on the bed face up? There is not a reasonable probability he would have obtained an acquittal."

¶21 Ruffin appealed, and the court of appeals affirmed in part and reversed in part. State v. Ruffin, No. 2019AP1046-CR, unpublished slip op. (Wis. Ct. App. Mar. 9, 2021). It affirmed the circuit court's rejection of Ruffin's first two arguments, but reversed the circuit court's denial of Ruffin's postconviction motion on the basis that Ruffin's trial counsel was ineffective for withdrawing the request for a self-defense instruction and remanded to the circuit court for a Machner hearing.

¶22 Specifically, the court of appeals concluded that "Ruffin has alleged sufficient facts in his postconviction motion that his trial counsel was ineffective for withdrawing his request for the self-defense instruction and is, therefore, entitled to a Machner hearing addressing his claim." Id., ¶42. In arriving at this conclusion, the court of appeals noted that Ruffin had alleged in his postconviction motion that A.B. was attacking him and his decision to push what he thought were her legs was a reasonable action, "given that he did not want to put his weight on [A.B.] and possibly harm [A.B.] and their unborn child," and that it must accept all of Ruffin's allegations as

8

true for purposes of deciding the necessity of an evidentiary hearing. Id., ¶45.

¶23 Judge White concurred in part and dissented in part, dissenting to the majority's conclusion that Ruffin is entitled to a Machner hearing on his ineffective assistance claim related to the self-defense instruction. Id., ¶48 (White, J., concurring in part; dissenting in part). Specifically, Judge White determined that "the record conclusively demonstrates that Ruffin is not entitled to relief." Id., ¶53. The dissent reasoned: "I do not believe any jury would conclude that Ruffin's testimony showed he believed his actions that caused [A.B.]'s injury were necessary for his self-defense." Id., ¶50.

¶24 Further, the dissent espoused the belief that "Ruffin's theory of defense is antithetical to Wisconsin law on self-defense. . . . Ruffin's testimony does not establish that his use of force against [A.B.] was intentional and necessary, even in the light most favorable to Ruffin's claims." Id., ¶51. "It defies common sense that during a physical altercation between a pregnant woman and a man nearly a foot taller and more than one hundred pounds heavier than she, that there was a reasonable basis for Ruffin's use of force." Id., ¶52. Accordingly, Judge White concluded that "[t]here is no view of the evidence under which the jury could have found Ruffin's use of force was reasonably made in self-defense, and there is no reasonable probability that the jury would have returned a different verdict had it been instructed on self-defense." Id., ¶53.

9

¶25 Both Ruffin and the State petitioned for review of aspects of the court of appeals' decision. This court granted the State's petition and denied Ruffin's. Thus, the only issue before the court is that raised by the State regarding ineffective assistance of counsel due to the withdrawal of the request for a self-defense instruction.

II

¶26 We are called upon to review the court of appeals' determination that the circuit court erroneously exercised its discretion by denying Ruffin's postconviction motion without an evidentiary hearing. We are guided by a mixed standard of appellate review. State v. Allen, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

¶27 First, we must determine whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief. Id. This is a question that we review independently of the determinations rendered by the circuit court and court of appeals. Id. Whether the record conclusively demonstrates that the defendant is entitled to no relief is also a question of law we review independently. State v. Sulla, 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659.

¶28 If the motion does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing. Allen, 274 Wis. 2d 568, ¶9. In other words, if the record

10

conclusively demonstrates that the defendant is not entitled to relief, then either option——holding a hearing or not——is within the circuit court's discretion. We review discretionary decisions for an erroneous exercise of discretion. Id. An exercise of discretion is erroneous if it is based on an error of fact or law. Horizon Bank, Nat'l Ass'n v. Marshalls Point Retreat LLC, 2018 WI 19, ¶29, 380 Wis. 2d 60, 908 N.W.2d 797.

¶29 Ruffin's claim arises in the context of ineffective assistance of counsel. For an ineffective assistance of counsel claim to be successful, a defendant must demonstrate both that (1) counsel's representation was deficient, and (2) the deficiency was prejudicial. State v. Dalton, 2018 WI 85, ¶32, 383 Wis. 2d 147, 914 N.W.2d 120. Both prongs of the inquiry need not be addressed if the defendant makes an insufficient showing on one. Id.

¶30 To demonstrate deficient performance, a defendant must show that counsel's representation fell below an objective standard of reasonableness considering all the circumstances. State v. Carter, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695 (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). In evaluating counsel's performance, we are highly deferential to counsel's strategic decisions. Dalton, 383 Wis. 2d 147, ¶35. Indeed, counsel's performance need not be perfect, or even very good, to be constitutionally adequate. Id.

11

III

¶31 We begin by setting forth and reaffirming the legal test when determining if a defendant is entitled to an evidentiary hearing on a postconviction motion. Subsequently, we apply that test to the facts of this case.

A

¶32 Ruffin contends that his trial counsel was ineffective for withdrawing his request for a self-defense instruction on the sexual assault count. Self-defense is a defense to criminal liability set forth by statute as follows:

> A person is privileged to threaten or intentionally use force against another for the purpose of preventing or terminating what the person reasonably believes to be an unlawful interference with his or her person by such other person. The actor may intentionally use only such force or threat thereof as the actor reasonably believes is necessary to prevent or terminate the interference. The actor may not intentionally use force which is intended or likely to cause death or great bodily harm unless the actor reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself.

Wis. Stat. § 939.48(1). In other words, the law of self-defense allows the defendant to threaten or intentionally use force against another if (1) the defendant believed that there was an actual or imminent unlawful interference with the defendant's person, (2) the defendant believed that the amount of force the defendant used or threatened to use was necessary to prevent or terminate the interference, and (3) the defendant's beliefs were reasonable. State v. Stietz, 2017 WI 58, ¶11, 375 Wis. 2d 572, 895 N.W.2d 796.

12

¶33 "A jury must be instructed on self-defense when a reasonable jury could find that a prudent person in the position of the defendant under the circumstances existing at the time of the incident could believe that he was exercising the privilege of self-defense." Id., ¶15. To be entitled to the instruction, the defendant bears a burden of production, but it is a low bar. Id., ¶16; State v. Head, 2002 WI 99, ¶111, 255 Wis. 2d 194, 648 N.W.2d 413. Indeed, the defendant "need produce only 'some evidence' in support of the privilege of self-defense," a standard that may be satisfied even if the evidence is weak, inconsistent, of doubtful credibility, or slight. Stietz, 375 Wis. 2d 572, ¶¶16-17. When considering whether to permit a defense, the court must view the evidence in the light most favorable to the defendant. State v. Coleman, 206 Wis. 2d 199, 213, 556 N.W.2d 701 (1996).

¶34 The court of appeals here determined that Ruffin is entitled to a Machner hearing because, assuming that all facts raised in his postconviction motion are true, he came forward with "some evidence," which is sufficient to support the instruction. Ruffin, No. 2019AP1046-CR, at ¶¶44-47. The State contends that the court of appeals did not conduct the complete analysis by failing to address the question of whether the record conclusively demonstrates that Ruffin is not entitled to relief.

¶35 Before answering this question, we provide a quick reference regarding the legal standard under which we determine whether a defendant is entitled to an evidentiary hearing on a

13

postconviction motion. The test we apply in this case is well-established. That is, we must determine first whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief. Allen, 274 Wis. 2d 568, ¶9. "A defendant is entitled to a Machner hearing only when his motion alleges sufficient facts, which if true, would entitle him to relief." State v. Sholar, 2018 WI 53, ¶50, 381 Wis. 2d 560, 912 N.W.2d 89 (citing Allen, 274 Wis. 2d 568, ¶14). However, if the motion does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing. Id.

¶36 This test was articulated in State v. Bentley, 201 Wis. 2d 303, 310-11, 548 N.W.2d 50 (1996) (citing Nelson v. State, 54 Wis. 2d 489, 497, 195 N.W.2d 629 (1972)). It has been repeated in numerous cases. See, e.g., Sholar, 381 Wis. 2d 560, ¶50; State v. McAlister, 2018 WI 34, ¶¶25-26, 380 Wis. 2d 684, 911 N.W.2d 77; State v. Sulla, 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659; State v. Balliette, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334; State v. Love, 2005 WI 116, ¶26, 284 Wis. 2d 111, 700 N.W.2d 62; Allen, 274 Wis. 2d 568, ¶9.

¶37 Lest there be any doubt about the application of the test, we clarified Bentley's language in State v. Howell, 2007 WI 75, ¶77 n.51, 301 Wis. 2d 350, 734 N.W.2d 48. In Howell, we set forth:

14

> The <u>Bentley</u> court interpreted <u>Nelson</u> as follows: "<u>If the motion on its face alleges facts which would entitle the defendant to relief, the circuit court has no discretion and must hold an evidentiary hearing.</u>" In phrasing the <u>Nelson</u> test this way, <u>Bentley</u> might be interpreted to make an evidentiary hearing mandatory whenever the motion contains sufficient, nonconclusory facts, even if the record as a whole would demonstrate that the defendant's plea was constitutionally sound. Such an interpretation of <u>Nelson</u> and <u>Bentley</u>, however, is not correct. <u>The correct interpretation of Nelson/Bentley is that an evidentiary hearing is not mandatory if the record as a whole conclusively demonstrates that defendant is not entitled to relief, even if the motion alleges sufficient nonconclusory facts.</u>

<u>Id.</u> (second emphasis added) (citation omitted).

¶38 We take this opportunity to once again reaffirm the test articulated in <u>Bentley</u>, clarified by <u>Howell</u>, and repeated in numerous cases. Accordingly, we emphasize that an evidentiary hearing is not mandatory if a defendant's motion presents only conclusory allegations or if the record as a whole conclusively demonstrates that the defendant is not entitled to relief. Next, we move to apply this test here, with our focus on whether the record conclusively demonstrates that Ruffin is not entitled to relief.

B

¶39 In applying the test to the facts of this case, we agree with the State that the court of appeals erred. Although Ruffin's motion on its face alleges facts that, if true, would entitle him to relief, the court of appeals majority did not conduct the "record conclusively demonstrates" inquiry, thus performing only half of the required analysis.

15

¶40 The court of appeals began its analysis by setting forth the proper legal standard for determining entitlement to an evidentiary hearing. Ruffin, No. 2019AP1046-CR, at ¶16. With regard to another of Ruffin's claims, it correctly applied the standard, determining that "despite the jury having received the wrong instruction, the record conclusively shows that there is no reasonable probability that the outcome would have been different had trial counsel objected and the jury received the correct instruction on the sexual assault charge." Id., ¶22.

¶41 However, the court of appeals neglected the "record conclusively demonstrates" analysis with respect to the claim at issue here. Conducting such an analysis, we conclude that the record conclusively demonstrates that Ruffin is not entitled to relief on his claim that trial counsel was ineffective for withdrawing a request for a self-defense instruction.

¶42 As stated, the law of self-defense allows the defendant to threaten or intentionally use force against another if (1) the defendant believed that there was an actual or imminent unlawful interference with the defendant's person, (2) the defendant believed that the amount of force the defendant used or threatened to use was necessary to prevent or terminate the interference, and (3) the defendant's beliefs were reasonable. Stietz, 375 Wis. 2d 572, ¶11. We agree with the State that no reasonable jury would find that Ruffin acted in self-defense.

¶43 In Ruffin's telling, he and A.B. engaged in a verbal argument, and she tried to push him down the stairs. He

16

testified that he responded by pushing her back into the room and onto the bed. As he pushed her onto the bed she tripped and grabbed Ruffin's collar, dragging both of them onto the bed. Ruffin then testified that A.B. wrapped her legs around him and that "[a]s she did that all I know she's pulling me toward her. I have no idea what she was trying to do so I'm trying to get her legs from around my waist so everything happened so fast."

¶44 Even assuming that there was an unlawful interference with Ruffin's person, there is no evidence from which a reasonable person could find that Ruffin applied an amount of force he reasonably believed was necessary to stop the interference. As Judge White wrote in dissent at the court of appeals, "It defies common sense that during a physical altercation between a pregnant woman and a man nearly a foot taller and more than one hundred pounds heavier than she, that there was a reasonable basis for Ruffin's use of force." Ruffin, No. 2019AP1046-CR, at ¶52 (White, J., concurring in part; dissenting in part). Indeed, the amount of force used here can only be described as heinous. There is no view of the evidence under which such a use of force can be "reasonable" given the size disparity between Ruffin and the victim, the alleged actions of the victim, and the extent of the victim's injuries, even accepting Ruffin's testimony.

¶45 Further, as Judge White observed, "Ruffin's testimony does not establish that his use of force against [A.B.] was intentional and necessary." Id., ¶51. Such testimony is necessary to establish self-defense because "[o]ne exercising

17

the privilege of self-defense <u>intends</u> to use force or to threaten force against another for the purpose of self-defense." <u>Thomas v. State</u>, 53 Wis. 2d 483, 488, 192 N.W.2d 864 (1972) (emphasis added); <u>see also</u> <u>Head</u>, 255 Wis. 2d 194, ¶84.

¶46 Ruffin testified only that he was "pushing in that area," not that he intentionally used the force he did because he thought it necessary to terminate A.B.'s interference with his person. Further, Ruffin testified that he was not trying to use force and was just "gently" attempting to remove A.B.'s legs from around him so he could leave. This is entirely inconsistent with an intentional use of force of the magnitude employed here. With no testimony that his use of force was intentional and necessary, Ruffin's self-defense argument was bound to fail even if the circuit court had given the instruction he requested.

¶47 Put in the context of the ineffective assistance of counsel analysis, the record conclusively demonstrates that Ruffin's counsel did not perform deficiently by withdrawing the request for a self-defense instruction. As stated, there is no reasonable view of the evidence that would have entitled Ruffin to the instruction. Counsel was correct in his assessment that self-defense does not "fit[] this situation" and made an objectively reasonable strategic decision to not request the self-defense instruction. Failing to request a jury instruction to an invalid defense does not constitute deficient performance. <u>State v. Dundon</u>, 226 Wis. 2d 654, 676, 594 N.W.2d 780 (1999).

18

¶48  In sum, we conclude that the record conclusively demonstrates that Ruffin is not entitled to relief on his claim that trial counsel was ineffective for withdrawing a request for a self-defense instruction.  As a result, the circuit court did not erroneously exercise its discretion by denying Ruffin's motion without an evidentiary hearing.

¶49  Accordingly, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.