COURT OF APPEALS
DECISION
DATED AND FILED

August 14, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2025AP302**

**STATE OF WISCONSIN**

Cir. Ct. No. 2024TP1

**IN COURT OF APPEALS
DISTRICT IV**

IN THE INTEREST OF J.J.D., A PERSON UNDER THE AGE OF 18:
CRAWFORD COUNTY,

   PETITIONER-RESPONDENT,

 V.

M. W.,

   RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Crawford County: LYNN M. RIDER and LISA A. RINIKER, Judges. *Affirmed*.

¶1    TAYLOR, J.[1]   M.W. appeals an order terminating his parental rights to his daughter, J.J.D., and an order denying his postdisposition motion to withdraw his plea of admission. In the first stage of the Termination of Parental Rights

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

("TPR") proceedings, or the "grounds" phase, M.W. entered a plea of admission that grounds existed to terminate M.W.'s parental rights and to continue the TPR proceedings. M.W. now contends that: (1) his admission was not knowing, voluntary, and intelligent; (2) the circuit court failed to elicit a sufficient factual basis for his admission; and (3) his trial counsel was ineffective related to his admission. I conclude that although the plea colloquy was lacking in certain respects, the record developed during the proceedings, including the testimony at the postdisposition hearing, supports the circuit court's conclusion that M.W. knowingly, intelligently, and voluntarily entered his admission. I further conclude that the record as a whole shows a factual basis for M.W.'s admission, and that M.W. has not demonstrated that his trial counsel was ineffective. Accordingly, I affirm.

## BACKGROUND

¶2 J.J.D. was born in the summer of 2022. Crawford County ("the County") removed J.J.D. from her mother's care at the hospital shortly after her birth. The County soon began proceedings to have J.J.D. declared a child in need of protection and services ("CHIPS"). This resulted in an order in August 2022 continuing J.J.D.'s placement outside of her biological parents' care, and she remained in the care of foster families in Wisconsin throughout the pendency of this case.

¶3 M.W. learned of J.J.D.'s birth two days after it occurred. He had moved to a different part of the state from the area where J.J.D.'s mother lived and had been unaware that the mother was pregnant. M.W. soon after moved to central Illinois, where he lived while this case was proceeding.

¶4      In January 2024, the County filed a petition to terminate the parental rights of both of J.J.D.'s parents.  In regards to M.W., the grounds for which a TPR was sought was that J.J.D. was in continuing need of protection and services ("continuing CHIPS") pursuant to WIS. STAT. § 48.415(2) and that M.W. failed to assume parental responsibility pursuant to § 48.415(6)(a).  J.J.D.'s mother ultimately voluntarily consented to the termination of her parental rights to J.J.D.  M.W. contested the termination of his rights, and the circuit court set a hearing on the grounds phase of the proceedings.  However, at the commencement of that hearing, M.W.'s counsel informed the court that M.W. now wished to enter a plea of admission that grounds existed for the termination of his parental rights, though he would continue to contest the termination of his parental rights in the second, disposition stage of the proceedings.  The court held a brief colloquy with M.W., during which he confirmed that he wanted to admit to grounds.  The court accepted his admission, concluded that grounds existed to terminate M.W.'s parental rights and set the case for the disposition hearing.

¶5      At the disposition hearing, a social worker testified, as did M.W.  At the close of the hearing, the circuit court determined that it was in J.J.D.'s best interest that M.W.'s parental rights be terminated.

¶6      By new counsel, M.W. filed a postdisposition motion alleging that his plea of admission was not entered knowingly, intelligently, and voluntarily.  The circuit court[2] held an evidentiary hearing at which M.W. and his trial counsel testified.  The court denied M.W.'s motion, and M.W. appeals.

---

[2]  The Honorable Lynn M. Rider presided over this case through the termination of M.W.'s rights.  The Honorable Lisa A. Riniker presided over the postdisposition proceedings.

¶7 Additional facts pertinent to M.W.'s arguments on appeal will be discussed when necessary.

## DISCUSSION

### 1. General principals and standards of review

¶8 An involuntary TPR has two stages: the grounds phase and the disposition phase. *See Steven V. v. Kelley H.*, 2004 WI 47, ¶¶24-27, 271 Wis. 2d 1, 678 N.W.2d 856. The grounds phase consists of a fact-finding hearing, and the petitioner must show that the parent is unfit by proving one or more of the statutory grounds by clear and convincing evidence. *Id.*, ¶25. Here, as noted, the grounds the County alleged against M.W. were that J.J.D. was in continuing need of protection or services, *see* WIS. STAT. § 48.415(2), and that M.W. had failed to assume parental responsibility for J.J.D., *see* § 48.415(6). If the petitioner satisfies this burden, the case moves to the disposition phase, during which the circuit court determines whether it is in the child's best interest to terminate the parent's rights. *Steven V.*, 271 Wis. 2d 1, ¶¶26-27.

¶9 M.W.'s arguments on appeal all relate to the grounds phase, and more specifically to the process by which he entered his plea of admission, permitting the case to enter its disposition phase. I will address M.W.'s arguments in the order in which he raises them.

¶10 M.W. argues, much as he did in his postdisposition motion and hearing in the circuit court, that: (1) his plea of admission was not knowing, voluntary, and intelligent; (2) the court failed to elicit a sufficient factual basis for his plea of admission; and (3) his trial counsel was ineffective in relation to his plea of admission.

4

¶11 In reviewing M.W.'s arguments, I accept the circuit court's findings of fact unless they are clearly erroneous. *Steven H.*, 233 Wis. 2d 344, ¶51 n.18. I determine whether these facts satisfy the legal standards independently of the circuit court, but give weight to its superior position to observe and question witnesses and the parent. *Id.*

¶12 M.W.'s first and second arguments also require me to apply the burden-shifting framework set forth in *Brown Cnty. DHS v. Brenda B.*, 2011 WI 6, ¶¶34-36, 331 Wis. 2d 310, 795 N.W.2d 730, and *Waukesha County v. Steven H.*, 2000 WI 28, ¶42, 233 Wis. 2d 344, 607 N.W.2d 607. If a circuit court presiding over a TPR receives a parent's admission without an adequate colloquy, the parent may seek to withdraw the admission if the parent alleges a lack of understanding of the information that should have been communicated. *Brenda B.*, 331 Wis. 2d 310, ¶57. If a parent makes such a showing, the burden shifts to the petitioner to prove by clear and convincing evidence that the admission was nevertheless knowing, voluntary, and intelligent. *Id.*, ¶36.

¶13 As to these arguments, I conclude that the colloquy and the record as a whole support the circuit court's conclusion that the County showed by clear and convincing evidence that M.W. entered a knowing, voluntary, and intelligent plea of admission, and that there was sufficient testimony to support it.

¶14 As to the third argument, asserting ineffective assistance of counsel, I reject M.W.'s argument as undeveloped.

**2. M.W.'s plea was entered knowingly, voluntarily, and intelligently**

¶15 To protect the rights of a parent in a TPR case, if the parent seeks to admit to grounds supporting the termination, "[t]he circuit court must engage the

parent in a colloquy to ensure that the plea is knowing, voluntary, and intelligent." *State v. B.W.*, 2024 WI 28, ¶52, 412 Wis. 2d 364, 8 N.W.3d 22 (quotation marks and citation omitted). "This colloquy is governed by the requirements of WIS. STAT. § 48.422(7) and notions of due process." *Id.* (quotation marks and citation omitted).

¶16 WISCONSIN STAT. § 48.422(7) lays out several requirements for this colloquy. Before the circuit court can "accept[] an admission of the alleged facts in the petition," in pertinent part, it must:

> **(a)** Address the parties present and determine that the admission is made voluntarily with understanding of the nature of the acts alleged in the petition and the potential dispositions.
>
> **(b)** Establish whether any promises or threats were made to elicit an admission and alert all unrepresented parties to the possibility that a lawyer may discover defenses or mitigating circumstances which would not be apparent to them.
>
> ….
>
> **(br)** Establish whether any person has coerced a birth parent or any alleged or presumed father of the child in violation of s. 48.63(3)(b)5. Upon a finding of coercion, the court shall dismiss the petition.
>
> **(c)** Make such inquiries as satisfactorily establish that there is a factual basis for the admission.

§ 48.422(7).

¶17 Our supreme court has identified additional colloquy requirements to protect a person's parental rights. A circuit court must ensure that the parent is "informed of the statutory standard the court will apply at the second stage" of the TPR proceedings; that is, that the child's best interest will govern. *B.W.*, 412 Wis. 2d 364, ¶54 (quotation marks and citation omitted). The court must also ensure that the parent understands potential outcomes of the second stage, though it is not required to "'inform parents in detail of all potential outcomes.'" *Brenda B.*, 331

Wis. 2d 310, ¶55 (quoted source omitted). Rather, the court must determine that the parent understands that a termination of parental rights or dismissal of the TPR petition are two possibilities. *Id.*, ¶56.

¶18 If a circuit court receives a parent's admission that grounds exist for a TPR without fulfilling these mandatory duties, the parent may seek to withdraw the admission if the parent alleges a lack of understanding of the information that should have been communicated. *Id.*, ¶57. As noted, if a parent makes such a showing, the burden shifts to the petitioner (here, the County) to prove by clear and convincing evidence that the admission was nevertheless knowing, voluntary, and intelligent. *Id.*, ¶36.

¶19 Here, M.W. asserts that he did not enter a knowing, intelligent, and voluntary admission because the colloquy failed to: (1) set forth the "best interests of the child" standard that would apply at the disposition phase; (2) lay out the possible outcomes at the dispositional phase; (3) inform M.W. that he would be found an "unfit" parent if his admission plea were accepted; and (4) establish that no threats or promises had been made to M.W. to induce his admission. I reject these assertions for the following reasons.

¶20 M.W.'s first asserted deficiency is based on a factual error. Though M.W. argues that the circuit court did not tell him that the best-interest-of-the-child standard would control the court's decision at disposition, the court did inform him of this fact. At the hearing at which M.W. entered his plea of admission, the transcript reveals that the court told him that even if grounds were found, "the separate issue to be determined at a subsequent hearing would be what is in the best interest of the child. So, even if there are grounds to terminate your parental rights, [the court] would not have to terminate those if I did not feel termination of parental

7

rights was in [J.J.D.'s] best interest." When asked if he understood this concept, M.W. replied that he did. I therefore conclude as a matter of law that there was no deficiency as to this portion of the colloquy.

¶21 Regarding M.W.'s second assertion about the possible outcomes at the disposition phase, as the above quotation shows, M.W. indicated that he understood that one possibility was that his parental rights would be terminated. At the postdisposition hearing, M.W.'s trial counsel also testified that M.W. was "well aware" of the possibility of the termination of his parental rights, and that counsel "did explain it to him." Regarding the other possibility of which a parent must be informed under *Brenda B.*—dismissal of the TPR petition—M.W.'s trial counsel was asked at the postdisposition hearing if counsel had explained that "another option was that the petition might be dismissed and the CHIPS case would continue." Counsel replied that she didn't "recall if we discussed what would have happened with the CHIPS case if the TPR was dismissed," implying that the possibility of dismissal had at least been discussed.

¶22 Here, we assume without deciding that the colloquy was defective in that it failed to expressly inform M.W. of the possibility that the TPR petition could be dismissed at the disposition phase. This assumed deficiency obligated the County to show by clear and convincing evidence that M.W. understood that dismissal was a possibility when he entered his admission. The record supports the circuit court's implicit factual determination at the postdisposition hearing that M.W. was aware of this possibility, as required by *Brenda B.*, 331 Wis. 2d 310, ¶56, because his counsel testified that she had discussed it with him. I cannot conclude that this finding by the court is clearly erroneous. *See Steven H.*, 233 Wis. 2d 344, ¶51 n.18.

¶23    As to M.W.'s third assertion regarding the colloquy, he is correct that the circuit court did not tell him that his plea of admission would result in the court's finding that he was an "unfit" parent. Nevertheless, during his testimony at the postdisposition hearing, M.W. testified that he understood that after entering his plea of admission, the court would find him unfit as a parent. Further, the court did inform M.W. of the practical result of such a finding: that it would result in the TPR case proceeding to the disposition phase, in which M.W.'s parental rights would be terminated if the court determined that termination was in J.J.D.'s best interest, to which M.W. indicated he understood. It is the consequence of the admission that a parent must understand in order to make a knowing, voluntary, and intelligent plea, rather than the legal label that attaches. *See **Brenda B.***, 331 Wis. 2d 310, ¶46 ("What is important is that the parent understands the import of the rights at stake rather than the sources from which they are derived."). The most adverse potential consequence was communicated by the court to M.W., and he indicated that he understood that potential. Therefore, I conclude that the colloquy was not defective in failing to specifically tell M.W. that he would be found to be an "unfit" parent as a result of his plea of admission.

¶24    Finally, M.W. is also correct that the circuit court did not ask whether anyone had made threats or promises to induce him to make his admission. But at the postdisposition hearing, M.W. did not suggest any such promises or threats had been made, and his trial counsel testified that none had. Given the clear and convincing evidence that no threats or promises were made, the court's failure to specifically make this inquiry did not render M.W.'s admission unknowing, involuntary, or unintelligent. *See **id.***, ¶36.

¶25    In sum, I conclude that there was clear and convincing evidence in the record to support that M.W.'s plea of admission was given knowingly, voluntarily, and intelligently.

**3. There was sufficient testimony to support grounds for termination**

¶26    To accept a TPR plea of admission, WIS. STAT. § 48.422(3) obligates the circuit court to "hear testimony in support of the allegations [in the petition.]" *See Steven H.*, 233 Wis. 2d 344, ¶56.  M.W. accurately observes that the court did not take testimony at the fact-finding hearing at which he entered his admission. Nor did the court expressly remedy this omission at a later hearing.  However, *Steven H.* instructs me to examine the record and determine whether sufficient facts were adduced throughout the proceedings as a whole to support the grounds to which M.W. admitted.  *Id.*, ¶58.

¶27    I conclude that such facts were adduced at the disposition hearing, rendering the absence of testimony supporting the grounds at that phase non-prejudicial.  One of the two grounds alleged was that M.W. had failed to assume parental responsibility for J.J.D. under WIS. STAT. § 48.415(6).  This allegation obligated the County to show by clear and convincing evidence that M.W. had not developed a substantial relationship with J.J.D., meaning that M.W. had not engaged in "the acceptance and exercise of significant responsibility for the daily supervision, education, protection, and care of [J.J.D.]."  *See* WIS JI— CHILDREN 346 (2018).  The uncontroverted testimony of M.W.'s social worker at the disposition hearing was that M.W. had never met J.J.D. in person, M.W. had opted out of opportunities to do so, and M.W. had no relationship with J.J.D. outside of a handful of visits on Zoom.  The record before me on appeal shows that there was a factual basis for at least one of the grounds to which M.W. entered his plea of

admission. M.W. was therefore not prejudiced by the circuit court's failure to take testimony at the grounds hearing as required by WIS. STAT. § 48.422(3). *See Steven H.*, 233 Wis. 2d 344, ¶¶57-59 (declining to reverse TPR where lack of testimony at grounds hearing did not prejudice parent).

### 4. M.W. does not establish that his trial counsel was ineffective

¶28 M.W. asserts that he was denied the effective assistance of trial counsel. In evaluating an ineffective assistance of counsel claim, I apply the well-established, two-prong *Strickland* test: "[A] defendant must demonstrate both that (1) counsel's representation was deficient, and (2) the deficiency was prejudicial." *State v. Ruffin*, 2022 WI 34, ¶29, 401 Wis. 2d 619, 974 N.W.2d 432; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Both prongs of the inquiry need not be addressed if the defendant makes an insufficient showing on one." *Ruffin*, 401 Wis. 2d 619, ¶29.

¶29 M.W. does not, however, in either of the two briefs filed in this appeal, support the allegation that his trial counsel was deficient because he does not identify any specific acts or omissions by counsel which render counsel deficient. He states only that the "advice given to him and the failure of his attorneys to ascertain that M.W. understood the consequences of his … admission" constituted ineffective assistance of counsel. I decline to consider this assertion of deficiency because it is not supported by factual citations to the record and is otherwise undeveloped. *See Dieck v. Unified Sch. Dist. of Antigo*, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (unsupported factual assertions without a record cite and otherwise undeveloped arguments need not be considered).

## CONCLUSION

¶30   Accordingly, I affirm the order terminating M.W.'s parental rights to J.J.D. and the order denying his postdisposition motion.

*By the Court.*—Orders affirmed.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)4.