COURT OF APPEALS
DECISION
DATED AND FILED

October 29, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1096-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF499

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

JOSHUA W. AIDE,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Winnebago County: SCOTT C. WOLDT and DANIEL J. BISSETT, Judges. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Joshua W. Aide appeals from a judgment convicting him of one count of first-degree intentional homicide and two counts of attempted first-degree intentional homicide. He also appeals from an order denying his motion for postconviction relief without an evidentiary hearing.[1] Aide argues that he received ineffective assistance of counsel because his trial counsel failed to present sufficient evidence of Aide's mental health conditions to support his theory of self-defense. We disagree and affirm.

¶2 Aide killed his ex-girlfriend Regan Bradshaw's father (James) and seriously injured both Regan and a family friend (Jacob) while Regan, James, and Jacob worked on repairing Aide's truck.[2] The State charged Aide with one count of first-degree intentional homicide and two counts of attempted first-degree intentional homicide. Before trial, counsel entered a plea on Aide's behalf of not guilty by reason of mental disease or defect (NGI), and asked the trial court to appoint an independent psychological examiner. The appointed examiner concluded that the information before her did not support Aide's NGI plea for any such defense. Thereafter, Aide changed his pleas to "not guilty," and the matter proceeded to trial.

¶3 At trial, the State presented testimony to establish that Aide had been desperately trying to reunite with Regan just prior to the shootings. Aide had allegedly assumed that Jacob was Regan's new boyfriend and had lost control,

---

[1] The Honorable Scott C. Woldt presided over Aide's jury trial and sentencing hearing and entered the judgments of conviction. The Honorable Daniel J. Bissett presided over the postconviction proceedings and entered the order denying Aide's motion for a new trial.

[2] To protect the privacy of the surviving victims, we refer to them using the pseudonyms chosen by the parties.

shooting his victims because he thought Regan was dating another man. Aide presented a very different account, testifying at trial that his three victims "literally attacked me." Aide told the jury that he shot his victims not "out of any sort of jealousy[,]" but instead in self-defense. The trial court also "allow[ed] [Aide] to present evidence of prior incidents of violence involving [Regan] against him."

¶4 Based on Aide's testimony that he had been "attacked" by the victims, Regan had pointed a gun at him in the past, and he believed the victims had conspired to kill him, the trial court granted Aide's request to instruct the jury to consider self-defense during deliberations. Aide only sought to use self-defense as an absolute defense to first-degree intentional homicide (perfect self-defense). He did not request that his mistaken beliefs as to the amount of force required be considered as a mitigating factor or seek a jury instruction on the lesser-included offense of second-degree intentional homicide (imperfect self-defense).

¶5 Ultimately, the jury credited the testimony of the surviving victims and the State's other witnesses more than that of Aide and his witnesses, and they found Aide guilty on all counts. The trial court sentenced Aide to life imprisonment without the possibility of extended supervision for the homicide, and to consecutive sixty-year terms for each of the two attempts.

¶6 Aide filed a postconviction motion seeking a new trial. He alleged that trial counsel provided ineffective representation by failing to present sufficient evidence to the jury of Aide's mental health issues. To elaborate briefly, Aide argued that it was ineffective assistance for counsel to fail to present a psychology expert to testify. Aide contended that he suffers from several co-morbid mental health disorders that led him to believe the level of force he used in the face of the perceived threat from the victims was necessary to protect himself. He argued that

had the jury heard details about his psychopathology, they likely would have acquitted him.

¶7 The postconviction court disagreed and denied Aide's motion for relief. The court concluded that an evidentiary hearing was not warranted because Aide's argument "that evidence should have come in by an expert as to some of the psychological beliefs [or] diagnosis of the defendant … to help facilitate that perfect self-defense claim is not … associated with a well-settled area of the law." As such, counsel could not be deficient. Aide appeals.

¶8 Aide raises one issue on appeal. He argues that it was ineffective assistance "for his trial attorney not to have investigated his psychopathology with an eye towards developing evidence to support his self-defense claim." In his postconviction motion, Aide submitted an expert report from a Colorado psychologist who opines that Aide suffers from post-traumatic stress disorder (PTSD), paranoid personality disorder (PPD), and narcissistic personality disorder (NPD). As in his postconviction motion, Aide now asserts that trial counsel's failure to investigate and present expert evidence regarding Aide's disorders was both deficient and prejudicial.

¶9 The legal standard for evaluating claims of ineffective assistance of counsel is well established. To prevail, a defendant must demonstrate: (1) that counsel's performance was deficient, meaning it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defense, meaning there is a reasonable probability that the result of the trial would have been different but for the counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On appeal, we defer to the trial court's findings of fact unless they are clearly erroneous, but we review the ultimate legal question of whether

the defendant received constitutionally ineffective assistance de novo. ***State v. Thiel***, 2003 WI 111, ¶24, 264 Wis. 2d 571, 665 N.W.2d 305.

¶10    There are two different types of self-defense recognized in Wisconsin law. "Perfect self-defense" is when a defendant argues that the force he or she used against the victim was necessary to prevent the threat of imminent death or great bodily harm. *See **State v. Head***, 2002 WI 99, ¶66, 255 Wis. 2d 194, 648 N.W.2d 413. "Imperfect self-defense" is when a defendant argues that he or she used force to defend themselves from the threat of imminent death or great bodily harm but the amount of force used was unnecessary under the circumstances. ***Id.***, ¶69.

¶11    At trial, Aide's counsel sought a jury instruction on perfect self-defense. The trial court agreed that the evidence Aide offered sufficiently warranted consideration of this defense, and the jury was so instructed. *See* WIS JI—CRIMINAL 805. Aide's ineffective assistance of counsel argument on appeal is premised on his claim that trial counsel should have presented expert evidence of Aide's PTSD, PPD, and NPD in further support of the perfect self-defense theory.

¶12    In ***Head***, 255 Wis. 2d 194,

> [A] defendant seeking a jury instruction on perfect self-defense to a charge of first-degree intentional homicide must satisfy an objective threshold showing that she *reasonably* believed that she was preventing or terminating an unlawful interference with her person and *reasonably* believed that the force she used was necessary to prevent imminent death or great bodily harm.

***Id.***, ¶4.

¶13    As noted above, Aide testified at trial that he believed that Regan, her father, and their friend had conspired to kill Aide, so they lured Aide to

5

Regan's property by telling him that the three were repairing Aide's truck because Aide would have wanted to repair it himself. Aide told the jury that he was ambushed and "attacked" when he arrived at Regan's. He testified that he knew that Regan kept guns in her home and recounted past incidents in which Regan had allegedly pointed a gun at him. Aide told the jury that on the day of the shootings, he was physically confronted by Regan's father with his fists, then by the family friend with a wrench or other shiny item, and, finally, by Regan with one of her guns. He said that he shot all three victims because it was necessary for his survival.

¶14   Aide asked the trial court for an instruction on perfect self-defense only, as noted above; he did not ask the court to instruct the jury on the lesser-included charge of second-degree intentional homicide based on imperfect self-defense. A defendant is entitled to an imperfect self-defense instruction only if there is some evidence to show that he or she held a subjective belief that he or she was in danger of imminent death or great bodily harm, regardless of whether the belief was reasonable. *Id.*, ¶124; WIS. STAT. § 940.01(2)(b) (2023-24).[3] Without a request for an imperfect self-defense instruction, the jury could not consider Aide's subjective, actual beliefs and could only consider whether his beliefs were objectively reasonable, that is, "what a person of ordinary intelligence and prudence would have believed." *State v. Peters*, 2002 WI App 243, ¶23, 258 Wis. 2d 148, 653 N.W.2d 300 (citation omitted).

¶15   On appeal, Aide does not fault his trial counsel for failing to request a jury instruction on imperfect self-defense; instead, he faults counsel only for

---

[3] All references to the Wisconsin Statutes are to the 2023-24 version.

failing to introduce expert evidence regarding his personal psychopathologies to bolster his perfect self-defense claim.[4]  As we now explain, because the law is at best unsettled as to whether, when deciding if a reasonable person in Aide's position at the time of the shootings would have found it necessary to use deadly force, the jury is to consider the question from the viewpoint of a reasonable person with PTSD, PPD, and NPD, trial counsel did not perform deficiently in failing to offer expert testimony on the subject.  *See State v. Breitzman*, 2017 WI 100, ¶49, 378 Wis. 2d 431, 904 N.W.2d 93.

¶16    Aide's appellate argument for the admissibility of his proffered expert evidence simply reaffirms that settled law does not support its admissibility. Without settled law, Aide cannot meet his burden of demonstrating that his trial counsel had a clear duty to pursue this line of investigation and offer this evidence. *See id.*  To explain further, ineffective assistance of counsel claims "should be limited to situations where the law or duty is clear such that reasonable counsel should know enough to raise the issue."  *State v. Lemberger*, 2017 WI 39, ¶33, 374 Wis. 2d 617, 893 N.W.2d 232 (citation omitted).  The law is not clear or settled when "there is no Wisconsin case law directly on point on the issue," and existing case law does not "present a factual situation similar enough to the facts of [the] case."  *State v. Morales-Pedrosa*, 2016 WI App 38, ¶26, 369 Wis. 2d 75, 879 N.W.2d 772.

---

[4] Aide also argues, at times, that trial counsel was ineffective in failing to adequately investigate the role Aide's psychopathologies played in his subjective belief that he had been threatened at Regan's property.  We reject this argument because the Record demonstrates that trial counsel adequately investigated this angle by exploring an NGI defense for Aide.  Moreover, the examining doctor's NGI report would not have given reasonably competent counsel any basis to conclude that Aide's underlying mental condition impacted his decision to shoot James, Jacob, and Regan.  Aide repeatedly, affirmatively, and clearly told the examining doctor that he acted in self-defense after being attacked, which was also Aide's testimony to the jury.

¶17    Aide has not demonstrated that settled law supported the admission of his proffered evidence.  He concedes that "no published Wisconsin appellate case has yet directly addressed the impact of a defendant's PTSD specifically in the self-defense context."  Relatedly, he asserts that "[p]ublication is warranted to clarify that a person presenting a perfect self-defense claim can provide the jury with evidence of their mental health to inform the jury what a reasonable person in the defendant's circumstances at the time would have believed."  Aide's argument for the admissibility of his proffered expert evidence simply reaffirms that settled law does not support its admissibility.  And without settled law, Aide cannot meet his burden of demonstrating that his trial counsel had a clear duty to pursue this line of investigation and offer this evidence.  *Breitzman*, 378 Wis. 2d 431, ¶49. Based on all these reasons, we conclude that Aide fails to demonstrate that counsel performed deficiently and, therefore, he cannot establish ineffective assistance of trial counsel.[5]

¶18    In sum, Aide attempts to show ineffective assistance of counsel based on trial counsel's failure to investigate and put on expert testimony regarding Aide's psychopathologies and their apparent impact on his ability to perceive threats.  He argues that if the jury had been given this information, it likely would have embraced Aide's perfect self-defense argument and found him not guilty of first-degree intentional homicide.  While a defendant's subjective belief is admissible to show imperfect self-defense, Aide fails to persuade us that this type of subjective evidence would be admissible to demonstrate the objective

---

[5] Because the legal theory on which Aide's ineffective assistance of counsel claim rests is unsettled, we further conclude that the trial court did not erroneously exercise its discretion in denying Aide's motion for an evidentiary hearing.  *See* ***State v. Ruffin***, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974 N.W.2d 432.

reasonableness of a defendant's assessment of a threat. Because Aide's unique approach to perfect self-defense is unsettled, trial counsel did not perform deficiently. Accordingly, we affirm the judgment of conviction and postconviction order denying Aide's motion for a new trial.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.