COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP278-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF605

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JORDAN PAUL FRICKE,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jordan Paul Fricke appeals a judgment of conviction for first-degree intentional homicide, two counts of first-degree recklessly endangering safety, and maintaining a drug trafficking place. He also appeals an order denying his postconviction motions without an evidentiary hearing. He argues that: (1) the prosecutor committed misconduct during closing argument warranting a new trial under the plain error doctrine; and (2) he was entitled to an evidentiary hearing on his ineffective assistance of counsel claims. We reject both arguments and affirm.

## BACKGROUND

¶2 On February 6, 2019, Milwaukee police officers obtained and executed a no-knock search warrant at Fricke's residence. Officers breached the exterior entry door and loudly announced, "Police, search warrant," as they ascended the stairs toward Fricke's apartment door. Officer Matthew Rittner used a battering ram to breach the interior door. Fricke fired four shots as the door was being opened, fatally striking Officer Rittner and endangering two other officers in the stairwell.

¶3 At trial, Fricke did not dispute that he shot Officer Rittner. Instead, he asserted that he acted in self-defense because he believed unknown intruders—not police—were breaking into his home. The jury rejected this defense and convicted Fricke on all counts.

¶4 Fricke moved for postconviction relief, asserting prosecutorial misconduct in closing argument and ineffective assistance of counsel. The circuit court denied the claims without a hearing. This appeal follows.

**DISCUSSION**

¶5      Fricke first argues that the prosecutor engaged in misconduct during closing argument by stating that Fricke did not claim he feared imminent harm until his trial testimony.  Fricke did not object during closing argument, so we review this claim under the plain error doctrine.  *See* WIS. STAT. § 901.03(4) (2023-24).[1]

¶5      Plain error is error that is fundamental, obvious, and substantial. ***State v. Jorgensen***, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77.  The defendant bears the burden to show such an error occurred.  ***Id.***, ¶23.  The doctrine is used sparingly.  ***Id.***, ¶21.

¶6      Here, the prosecutor's comments were grounded in the evidence presented at trial.  Fricke's statements immediately after the shooting were that he believed someone was "breaking in" to his home.  Officers testified that Fricke was upset and said he did not know police were at the door.  On the body camera footage, Fricke repeatedly asserted that he thought intruders were forcing entry, not that he understood himself to be facing an imminent deadly attack.

¶7      Fricke's account also developed over time.  In his initial statement to police following the shooting, Fricke described being awakened by loud noises and hearing a "boom" at the door.  At trial, however, Fricke testified that he believed the sound was a gunshot, but he acknowledged that he had never previously told anyone that he thought the noise was gunfire until he took the witness stand.  The prosecutor's closing argument highlighted this timing,

---

[1] All references to the Wisconsin statutes are to the 2023-24 version.

emphasizing that Fricke's description of the noises as gunshots—and the implication of imminent deadly harm—was not part of his earlier explanations to police or to others.

¶8      Counsel is afforded wide latitude in closing argument to comment on the evidence and argue reasonable inferences from the record. *State v. Burns*, 2011 WI 22, ¶48, 332 Wis. 2d 730, 798 N.W.2d 166. The jury was also instructed that arguments of counsel are not evidence and that it must draw its own conclusions from the testimony and exhibits. In context, the prosecutor's remarks did not improperly inject facts outside the record, but rather asked the jury to evaluate the credibility and timing of Fricke's evolving account in assessing whether he reasonably believed deadly force was necessary.

¶9      Moreover, even if the prosecutor's remarks could be viewed as imprecise, Fricke is not entitled to relief because any error was harmless. The evidence supporting the jury's rejection of self-defense was strong. Multiple witnesses testified that the officers loudly announced "Police, search warrant," and Fricke testified that he heard them say police several times. Fricke fired four shots through the door with lethal ammunition before seeing any weapon or confirming any threat beyond forced entry. In light of the evidence, there is no reasonable possibility that the prosecutor's brief comments regarding the timing of Fricke's gunshot explanation contributed to the verdict. Accordingly, Fricke has not demonstrated that a new trial is warranted.

¶10     Fricke next argues that trial counsel was ineffective and that he was entitled to an evidentiary hearing. A defendant is entitled to a hearing only if the postconviction motion alleges sufficient material facts that, if true, would entitle the defendant to relief. *State v. Ruffin*, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974

N.W.2d 432. A court may deny the motion without a hearing if the claims are conclusory or the record conclusively demonstrates that the defendant is not entitled to relief. *Id.*, ¶28.

¶11    To prevail on an ineffective assistance claim, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails to prove one prong, we need not address the other. *Id.* at 697. Prejudice requires a reasonable probability of a different result. *Id.* at 694.

¶12    Fricke first contends trial counsel was ineffective for failing to introduce body camera video showing his emotional reaction after the shooting. The record reflects that the jury heard testimony that Fricke was upset and said he did not know police were at the door. We reject this argument because Fricke has not demonstrated prejudice. His post-shooting remorse does not establish that he reasonably believed that he faced imminent death or great bodily harm at the time he fired. Moreover, any additional video evidence would have been cumulative to Fricke's testimony that he was upset after the shooting because he had not been aware that the police were present. *Cf. State v. Trawitzki*, 2001 WI 77, ¶44, 244 Wis. 2d 523, 628 N.W.2d 801 (ruling that evidence that incrementally weakens the credibility of the witnesses was not sufficient to establish a reasonable probability that the jury would have reached a different verdict). We conclude that counsel's failure to introduce the video evidence does not undermine our confidence in the outcome.

¶13    Fricke next argues counsel was ineffective for failing to present evidence that a loud fan impaired what he could hear as the police announced their arrival. The circuit court noted, however, that neither Fricke nor his girlfriend

Powell mentioned the fan during their trial testimony as a reason they could not hear when the police arrived. Fricke fails to adequately explain how counsel was deficient where the evidence Fricke claims should have been presented was something that Fricke did not raise in his own trial testimony. In addition, Fricke does not demonstrate prejudice. There is no reasonable probability that evidence of the fan would have changed the jury's verdict.

¶14 Fricke also argues counsel should have presented corroborating evidence of home invasions in the neighborhood. But the jury heard Fricke's testimony that the area was high-crime and that he was aware of prior home invasions. The State did not dispute that testimony. Additional evidence would have been cumulative and would not have altered the central issue: whether Fricke reasonably believed deadly force was necessary at the moment he fired. Because there is no reasonable probability that additional corroborative evidence of home invasions in the neighborhood would have changed the outcome of the trial, Fricke cannot show prejudice. *See id.*

¶17 Finally, Fricke contends counsel was ineffective for failing to object to the prosecutor's closing argument. Because we have concluded above that the prosecutor's argument was not improper, counsel was not deficient for failing to object. *See State v. Ziebart*, 2003 WI App 258, ¶14, 268 Wis. 2d 468, 673 N.W.2d 369 (counsel is not ineffective for failing to object to or raise a meritless claim).

¶18 In sum, Fricke's claims are either conclusory or refuted by the record, and he has not demonstrated deficient performance or prejudice. The circuit court's decision to deny the postconviction motion without an evidentiary

6

hearing was within its discretion. Fricke has not established that his counsel was ineffective.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.