COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP657**

Cir. Ct. No. 2017CF3393

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CARLOS A. RODRIGUEZ,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: MILTON L. CHILDS, SR., Judge. *Affirmed*.

Before Colón, P.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Carlos A. Rodriguez, pro se, appeals from an order of the circuit court denying his postconviction motion for sentence modification. For the following reasons, we affirm.

## BACKGROUND

¶2     In October 2017, Rodriguez pled guilty to two counts of second-degree reckless injury, WIS. STAT. § 940.23(2)(a) (2023-24),[1] for charges stemming from a high-speed automobile accident that caused great bodily harm to two people.  Rodriguez was ordered to serve consecutive prison sentences totaling ten years of initial confinement and six years of extended supervision.  Justifying those sentences, the circuit court emphasized the gravity of Rodriguez's crimes, his prior criminal history, the breaks he received in connection with his earlier criminal convictions, its goal of deterring automobile theft and reckless speeding, and the need for punishment and rehabilitation.  While it insisted that it took "no joy in sending young individuals" like Rodriguez to prison, the court held that "anything less would unduly diminish the serious nature of the offense and would send the wrong message."

¶3     After dictating the overall structure and duration of its sentence, the court assessed Rodriguez's eligibility for early release from prison.  It declared him ineligible for the Challenge Incarceration Program (CIP), stating "I don't think they would even accept you."  Expressing a desire for "some treatment in prison," the court deemed him eligible for the Substance Abuse Program (SAP)

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

after serving five years of his sentence, but it observed that Rodriguez would not necessarily be "accept[ed]" into the program.[2]

¶4 Rodriguez has since filed multiple pro se motions seeking relief from his convictions and sentences. His first motion sought sentence modification based on a new factor, namely, that the circuit court overlooked at sentencing that he was statutorily ineligible for the SAP because he was convicted of Chapter 940 offenses. The court denied his motion, holding that his SAP eligibility was not a new factor and that sentence modification was otherwise unwarranted "given the extraordinarily reckless nature of this offense and the impact on the victims[.]"

¶5 Rodriguez filed a second motion raising the same claim. The circuit court again denied his request, recognizing that it had already rejected his argument when it denied his preceding motion, holding that his "latest motion d[id] not warrant a different result," and warning Rodriguez "that further successive requests of this nature w[ould] not be considered but w[ould] be filed without response."

¶6 Rodriguez filed a third motion again raising the same claim and also advancing two arguments not found in the earlier motions: (1) the circuit court erroneously exercised its discretion when it declared him ineligible for the CIP; and (2) the circuit court violated his due process rights by sentencing him based on inaccurate information. The circuit court took no action on this motion.

---

[2] In order to be eligible to participate in SAP, an inmate must meet the criteria set forth in WIS. STAT. § 302.05. An inmate incarcerated for an offense under Chapter 940 is ineligible to participate in SAP. Sec. 302.05(3)(a)1.

¶7    Rodriguez then filed his fourth motion, which underlies this appeal. In the motion, he renewed his claim that the circuit court relied on inaccurate information concerning his eligibility for the SAP when it imposed his sentence. He also argued that the attorney who represented him at his sentencing hearing was ineffective for neither "object[ing] to the sentencing court's reliance of [sic] inaccurate information" nor "argu[ing] for a sentence that would have allowed the sentencing court to adjust its sentence—based on accurate information—to reflect the courts [sic] intentions in which it stressed that Rodriguez was to serve at least five years of confinement time before being eligible for any programs." Rodriguez also argued that his appointed postconviction counsel was ineffective for closing his case without filing a postconviction motion raising the same claims.

¶8    The circuit court denied Rodriguez's motion without holding a *Machner*[3] hearing.  In its decision, the court acknowledged Rodriguez's claim about the circuit court's errant belief during sentencing about his SAP eligibility and his corollary claim that postconviction counsel was ineffective for failing to litigate issues of potential merit.  Nonetheless, the court held that Rodriguez failed to sufficiently plead how his postconviction counsel was ineffective and offered "only conclusory allegations," rather than "sufficient material facts that, if true, would entitle him to relief."  Additionally, citing *Witkowski*[4] for the principle that "[a]n issue that was decided in earlier postconviction proceedings cannot be raised in a subsequent postconviction motion no matter how artfully it is rephrased," the court observed that it had rejected Rodriguez's two preceding motions for

---

[3]  *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[4]  *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

sentence modification on the same grounds—that the court deemed him eligible for participation in the SAP despite his statutory ineligibility.

¶9    Rodriguez appeals.

## DISCUSSION

¶10    Rodriguez argues on appeal that trial counsel was ineffective for not pointing out to the court at sentencing that Rodriguez was statutorily ineligible for the SAP, and that postconviction counsel was ineffective for failing to litigate this issue. We agree with the State and the circuit court that Rodriguez is procedurally barred from bringing this claim. We also agree with the circuit court that the record conclusively demonstrates that Rodriguez is not entitled to relief, so the circuit court was not required to hold a *Machner* hearing.

¶11    We have long recognized that "[a] matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). Thus, "if the defendant's grounds for relief have been finally adjudicated, waived or not raised in a prior postconviction motion," those claims may not become the basis for a WIS. STAT. § 974.06 motion. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181, 517 N.W.2d 157 (1994).[5]

---

[5] Failure to allege or to adequately raise an issue in the original postconviction motion may be excused if the defendant provides a "sufficient reason," *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994), and ineffective assistance of postconviction counsel may justify a defendant's failure to raise ineffective assistance of trial counsel, *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668. In such a case, defendants must show that the claims they wish to bring are "clearly stronger" than the claims actually brought by postconviction counsel. *Id.*, ¶46.

(continued)

5

¶12 Rodriguez has twice requested that the circuit court modify his sentence because it allegedly overlooked that his convictions made him ineligible for the SAP. When those efforts failed, Rodriguez reframed his claim to allege that counsel was ineffective for not objecting to or seeking to correct the circuit court's reliance on inaccurate information concerning his SAP eligibility. Rodriguez is doing exactly what *Witkowski* prohibits: artfully repackaging a previously litigated claim in order to get another bite at the apple. To be clear, a defendant who insists that the circuit court misconstrued prison programming eligibility requirements may have more than one avenue to pursue such an argument, but however framed, the underlying argument is effectively the same, and Rodriguez's latest postconviction motion is a prime example of a defendant trying to improperly relitigate the same failed arguments.[6]

¶13 In addition to being procedurally barred, we conclude that the record conclusively demonstrates that Rodriguez is not entitled to relief, and therefore, the circuit court was not required to hold a *Machner* hearing. Specifically, the

---

Here, however, Rodriguez himself filed the original postconviction motion, not postconviction counsel, and Rodriguez fails to explain how postconviction counsel's performance caused Rodriguez to omit his claim that trial counsel was ineffective in his original motion. Additionally, the claim that Rodriguez wanted postconviction counsel to pursue is functionally the same issue that Rodriguez presented in his original postconviction motion: that the circuit court relied on inaccurate information at sentencing (i.e., that Rodriguez was eligible for the SAP). Rodriguez fails to adequately allege a sufficient reason for failing to bring his ineffective assistance of trial counsel claim in his original postconviction motion, and moreover, he fails to adequately allege that his current claims are clearly stronger than those brought in his original postconviction motion because they are functionally identical issues.

[6] The fact that Rodriguez raised new arguments in his third postconviction motion that were not resolved by the circuit court does not affect our analysis. Those unresolved arguments were not renewed in Rodriguez's fourth postconviction motion, and he does not raise them on appeal. The only claims raised in Rodriguez's fourth postconviction motion and on appeal are claims that the circuit court previously considered and rejected on the merits, rephrased so as to try to avoid the applicable procedural bars.

record conclusively shows that Rodriguez was not prejudiced as a result of trial counsel's failure to correct the circuit court regarding Rodriguez's ineligibility for the SAP.

¶14    "A criminal defendant is guaranteed the right to effective assistance of counsel under both the United States and Wisconsin Constitutions." *State v. Hanson*, 2019 WI 63, ¶17, 387 Wis. 2d 233, 928 N.W.2d 607. To establish a violation of that right, "a defendant must demonstrate both that (1) counsel's representation was deficient, and (2) the deficiency was prejudicial." *State v. Ruffin*, 2022 WI 34, ¶29, 401 Wis. 2d 619, 974 N.W.2d 432. "Both prongs of the inquiry need not be addressed if the defendant makes an insufficient showing on one." *Id.*

¶15    "To demonstrate deficient performance, a defendant must show that counsel's representation fell below an objective standard of reasonableness considering all the circumstances." *Id.*, ¶30. To show prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

¶16    "A *Machner* hearing is a prerequisite for consideration of an ineffective assistance claim." *State v. Sholar*, 2018 WI 53, ¶50, 381 Wis. 2d 560, 912 N.W.2d 89. However, not all postconviction motions merit a *Machner* hearing. Circuit courts may deny a postconviction motion without holding a *Machner* hearing "if the record conclusively demonstrates that the defendant is not entitled to relief[.]" *Ruffin*, 401 Wis. 2d 619, ¶28. Whether the record conclusively demonstrates that the defendant is not entitled to relief is a question of law that we review independently. *Id.*, ¶27.

¶17    Here, the circuit court left no doubt about which factors motivated Rodriguez's sentence, and it is clear that Rodriguez's potential SAP eligibility had no bearing on the structure or length of his imprisonment.  The circuit court stressed the gravity of Rodriguez's crimes, particularly the danger that he and others pose by speeding through red lights and seriously injuring other motorists. The circuit court emphasized Rodriguez's poor impulse control, his criminal history, and the breaks he had received previously in the criminal justice system. Ultimately, it concluded that ten years of initial confinement was not only appropriate but also that "anything less would unduly diminish the serious nature of the offense and would send the wrong message."

¶18    While it is true that the circuit court expressed hope for Rodriguez to receive treatment while in prison, it acknowledged that there was no guarantee that Rodriguez would be accepted into the program, and none of its comments suggest that it wanted Rodriguez released any earlier than it had ordered.  Accordingly, we conclude that there is no reasonable probability that the circuit court would have changed the structure or duration of Rodriguez's sentence had trial counsel lodged an objection to state that Rodriguez's Chapter 940 convictions disqualified him from the SAP.[7]  *See Strickland*, 466 U.S. at 694.

---

[7] To the extent Rodriguez claims that postconviction counsel was ineffective for not filing a motion based on ineffective assistance of trial counsel, we reject the argument. Rodriguez was not prejudiced by trial counsel's failure to correct the circuit court regarding his ineligibility for the SAP, so a motion brought on this basis would have been unsuccessful. *See State v. Pico*, 2018 WI 66, ¶28, 382 Wis. 2d 273, 914 N.W.2d 95.

## CONCLUSION

¶19 Rodriguez's ineffective assistance of counsel claim is procedurally barred. Additionally, on the merits, the circuit court was not required to hold a *Machner* hearing because the record conclusively demonstrates that Rodriguez was not prejudiced by trial counsel's allegedly deficient performance.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.