COURT OF APPEALS
DECISION
DATED AND FILED

March 19, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP830**

Cir. Ct. No. 2016CF1512

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

MARCOS BANUELOS,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: NICHOLAS J. MCNAMARA, Judge. *Affirmed*.

Before Graham, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Marcos Banuelos, pro se, appeals a circuit court order denying his postconviction motion, brought under WIS. STAT. § 974.06 (2023-24), to withdraw his plea based on newly discovered evidence.[1]  We reject Banuelos's arguments and affirm.

## BACKGROUND

¶2    Banuelos was charged with one count of misdemeanor disorderly conduct.  He was also charged with six felony counts of sexual assault-related conduct that, taken together, involved multiple children.  In the lead-up to Banuelos's trial, the State moved to admit various pieces of "other acts" evidence related to Banuelos's alleged history of sexual contact with children.

¶3    While represented by retained counsel, Banuelos pled guilty to one count of second-degree sexual assault of "A.B.," a child under 16 years of age.[2]  Pursuant to a negotiated plea agreement, the remaining counts were dismissed and read in for sentencing.  As part of the plea agreement, the State also agreed to cap its sentencing recommendation for initial confinement at five years.  The court sentenced Banuelos to ten years of initial confinement and 15 years of extended supervision.

¶4    Banuelos, by counsel, filed a postconviction motion seeking to withdraw his guilty plea, alleging that his trial counsel provided ineffective assistance of counsel.  The circuit court denied the motion, and Banuelos

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  To protect the dignity and privacy of the victim, we refer to her as A.B., using initials that do not correspond to her real name.  *See* WIS. STAT. RULES 809.19(1)(g) and 809.86.

appealed. This court affirmed the circuit court's judgment and order in a per curiam decision. *See* **State v. Banuelos**, No. 2022AP741, unpublished slip op. (WI App Nov. 30, 2023).

¶5    In December 2024, Banuelos, representing himself, filed the WIS. STAT. § 974.06 postconviction motion that is the subject of this appeal. In his motion, Banuelos argued, among other things, that he is entitled to an evidentiary hearing and to withdrawal his guilty plea on the basis of newly discovered evidence.

¶6    We pause here to briefly describe the newly discovered evidence offered by Banuelos. Banuelos asserts that, after his conviction, he discovered a news article entitled "Four New Complaints Outlined Against DeForest Police Chief" (hereafter "the article"). The article described certain allegations that were made against the police chief of the DeForest Police Department (DFPD). According to the article, the police chief was alleged to have engaged in various types of misconduct, including the following: (1) he was heard in a video making comments about a group of African-American men; (2) he allowed inappropriate content to be posted on his own and the DFPD's social media pages; (3) he failed to investigate an employee despite multiple complaints about conduct that could be considered sexual harassment; and (4) he publicly distributed a confidential video portraying a graphic domestic violence event. In his motion to the court, Banuelos argued that the article exposed evidence that the DFPD police chief "condoned, ratified, and encouraged rampant malfeasance throughout the department."

¶7    Banuelos's argument to the circuit court in support of his WIS. STAT. § 974.06 motion can most favorably be construed as follows. Banuelos argued

that he is entitled to withdraw his plea because DFPD was the department that investigated the charges against Banuelos, and the misconduct exposed in the article gives Banuelos reason to believe that the officers handling his case were engaged in unchecked misconduct. Additionally, he argued that the State committed a ***Brady*** violation by failing to disclose evidence in its possession regarding the alleged misconduct exposed in the article. *See **Brady v. Maryland***, 373 U.S. 83 (1963). Under these circumstances, Banuelos argued, he is entitled to a postconviction hearing to prove that, had the State disclosed information that a DFPD employee was not investigated by the police chief despite multiple complaints about sexual harassment, Banuelos could have used the information to attack the credibility of the officers involved in handling Banuelos's case.

¶8 In a written decision and order, the circuit court denied Banuelos's motion without an evidentiary hearing. The court concluded that Banuelos did not show by clear and convincing evidence that withdrawal of his guilty plea is necessary to correct a manifest injustice. In denying Banuelos's request for an evidentiary hearing on the motion, the court determined that Banuelos's allegations were conclusory and that Banuelos did not allege sufficient material facts that, if true, would entitle him to withdraw his plea.

## DISCUSSION

¶9 Any claim that could have been raised in a prior postconviction motion or on direct appeal cannot form the basis for a claim under WIS. STAT. § 974.06 unless the defendant demonstrates a sufficient reason for failing to raise the claim in the prior postconviction motion or appeal. ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Banuelos asserts that the fact that his motion is based on newly discovered evidence constitutes a

4

sufficient reason for failing to raise his current claims in his prior motion and appeal.

¶10    On appeal, Banuelos argues that the circuit court erred in concluding that Banuelos did not establish that his purported newly discovered evidence constitutes a manifest injustice.  He also asserts that the court erred in denying his request for a hearing to prove that the State violated its *Brady* obligations.

¶11    A defendant seeking to withdraw a plea on the basis of newly discovered evidence must make a clear and convincing showing that the newly discovered evidence establishes that a manifest injustice has occurred.  *State v. Krieger*, 163 Wis. 2d 241, 255, 471 N.W.2d 599 (Ct. App. 1991).  To prevail on such a claim, the defendant must show by clear and convincing evidence that: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative."  *State v. McAlister*, 2018 WI 34, ¶31, 380 Wis. 2d 684, 911 N.W.2d 77.  If the defendant establishes these four criteria, the circuit court must then "determine whether a reasonable probability exists that a different result would be reached in a trial."[3]  *Id.*, ¶32 (citation omitted).  A circuit court's decision to grant or deny a motion for plea withdrawal is discretionary, and we will reverse the decision only if the court erroneously exercised its discretion. *Krieger*, 163 Wis. 2d at 250.

---

[3] *See State v. Shallcross*, 2025 WI App 66, ¶¶32-34, 418 Wis. 2d 575, 28 N.W.3d 194 (considering an argument that the "different result would be reached at trial" standard, as opposed to a standard under which the defendant would have not have entered a guilty plea, is a mismatch when a defendant is seeking to withdraw a plea based on newly discovered evidence, but concluding that the court was bound to apply the first standard based on precedent from our supreme court).

¶12    In its decision and order denying Banuelos's requested relief, the circuit court assumed without deciding that Banuelos met the first, second, and fourth criteria. However, in regards to the third criteria, the court determined that Banuelos failed to establish that the newly discovered evidence is material to an issue in the case. For reasons we now explain, we agree.[4]

¶13    Banuelos proposed to use the article to attack the credibility of DFPD, the institution responsible for his investigation, and to attack the credibility of some or all of the individual officers within the DFPD who worked on his case. Impeachment evidence may be material to a defendant's case "if the witness whose testimony is attacked 'supplied the only evidence linking the defendant(s) to the crime.'" *State v. Rockette*, 2006 WI App 103, ¶41, 294 Wis. 2d 611, 718 N.W.2d 269 (citation omitted).

¶14    Here, Banuelos pled guilty to the sexual assault of a child, A.B., and, if the plea deal were put to the side, the State would be allowed to pursue the five other sexual assault-related counts involving multiple children and one count of disorderly conduct that it agreed to dismiss pursuant to the plea deal. Banuelos makes no assertion that any DFPD police officer's testimony would provide the sole evidence linking him to any or all of the charged crimes. Accordingly, there is no basis to conclude that the testimony of any officer would "suppl[y] the only evidence linking the defendant[] to the crime." *See id.*

---

[4] The circuit court also determined that Banuelos failed to show that the newly discovered evidence established a reasonable likelihood of a different result at trial. We need not address the court's determination about the likelihood of a different result at trial because our determination about materiality is dispositive.

6

¶15 Impeachment evidence may also be considered material "where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case." *Id.* However, Banuelos fails to identify any link between the police chief's alleged misconduct and the credibility of any DFPD officer who worked on Banuelos's case and who may have testified against Banuelos at trial.

¶16 At most, Banuelos appears to argue that, since the newly discovered evidence is a report that the police chief allegedly failed to investigate an employee for alleged sexual harassment of others, it logically follows that the police chief encouraged department-wide "rampant malfeasance" that would have led officers to decline to investigate Banuelos's alleged victims and his statements regarding his defense. There are multiple problems with this argument. Among other things, there is nothing in the allegations about the police chief as presented by Banuelos that appears to relate more broadly to the work of the department as a whole or to any failure by specific officers in investigating complaints of crime and collecting evidence. Accordingly, nothing that the article would have undermined a critical element of the prosecution's case against Banuelos.

¶17 For these reasons, we conclude that the circuit court did not erroneously exercise its discretion in concluding that Banuelos failed to establish that the newly discovered evidence is material.

¶18 Banuelos also argues that the circuit court erred in denying his postconviction motion without a hearing. As we best understand it, Banuelos seems to be arguing that he is entitled to a hearing to prove that the State suppressed material evidence when it failed to disclose the allegations about the police chief's misconduct. *See **Brady***, 373 U.S. at 87 ("suppression by the

prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

¶19 A defendant is not automatically entitled to an evidentiary hearing on his or her postconviction motion. To be entitled to a hearing, a defendant must allege in his or her motion "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. The court need not hold a hearing if the motion does not raise sufficient material facts, if the motion presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief. *State v. Ruffin*, 2022 WI 34, ¶28, 401 Wis. 2d 619, 974 N.W.2d 432.

¶20 In many respects, Banuelos's argument that he is entitled to a hearing to prove a *Brady* violation mirrors the argument we reject above. As stated, Banuelos seems to be arguing that, because the police chief allegedly failed to investigate claims that one employee engaged in sexual harassment, that could support an argument that the DFPD police officers handling Banuelos's case were engaged in unchecked misconduct when they declined to investigate the veracity of the allegations against Banuelos.

¶21 Putting to the side the issue of whether Banuelos's allegations about an inadequate investigation would amount to a *Brady* violation even if proven, we conclude that the circuit court was not required to hold a hearing. Banuelos does not identify any material facts that would establish a link between the police chief's alleged misconduct and any failure to investigate the case against Banuelos; instead, he makes only a conclusory assertion that officers failed to sufficiently investigate Banuelos's alleged victims and his statements regarding

his innocence, and that their failures were condoned by the police chief. The court was not required to hold a hearing to address Banuelos's conclusory allegations.

¶22 In sum, we conclude that the circuit court did not erroneously exercise its discretion in denying Banuelos's request for plea withdrawal without holding a hearing. We affirm.[5]

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] Throughout the proceedings on his motion, Banuelos has also made a number of additional arguments about the police investigation and other subjects that we do not address in this opinion. We do not address these additional arguments because Banuelos makes no attempt to explain how they are the proper subject of a WIS. STAT. § 974.06 motion and would survive the procedural bar set forth in *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994).